1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
2   Orrick, Herrington & Sutcliffe LLP
    1000 Marsh Road
3   Menlo Park, CA 94025
    Telephone: +1-650-614-7400
4   Facsimile: +1-650-614-7401

5   SARA E. DIONNE (STATE BAR NO. 221326)
    sdionne@orrick.com
6   ANDREA L. BROWN (STATE BAR NO. 237629)
    abrown@orrick.com
7   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
8   Sacramento, CA 94815
    Telephone: 1-916-447-9200
9   Facsimile: 1-916-329-4900

10  Attorneys for Defendants

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                     CV09-05843 RSWL (JCx)

14
    ARECELI MENDOZA and KYLE        CASE NO.
15  DIAMOND, individually and on behalf
    of themselves and all others similarly   **NOTICE OF REMOVAL**
16  situated,,

17             Plaintiff,

18        v.

19  HOME DEPOT, U.S.A., INC., a
    Delaware corporation, and DOES 1-50
20  inclusive,

21             Defendants.

22

23  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
    DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL
24  OF RECORD:

25        PLEASE TAKE NOTICE that Defendant Home Depot, U.S.A., Inc. ("Home

26  Depot") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, and

27  1453 to effect the removal of the above-captioned action, which was commenced in

28

    OHS West:260705201.1

1  the Superior Court of the State of California in and for the County of Los Angeles,

2  and states that the removal is proper for the reasons stated below.

3  **PROCEEDINGS TO DATE**

4    1.   On July 8, 2009, a civil action was commenced in the Superior Court

5  of the State of California for the County of Los Angeles entitled "Areceli Mendoza

6  and Kyle Diamond, individually and on behalf of themselves and all others

7  similarly situated vs. Home Depot, U.S.A., Inc. a Delaware corporation; and Does

8  1-40 inclusive," No. BC417396.  A true and correct copy of the Complaint and the

9  Summons and other papers issued with the Complaint are attached to this notice as

10 Exhibit A.  The allegations in the Complaint are incorporated by reference in this

11 notice without necessarily admitting any of them.

12    2.   The Complaint, which alleges causes of action based upon the

13 Plaintiffs' employment relationship with Home Depot, purports to bring four class-

14 wide claims for relief against Home Depot on behalf of two separate proposed

15 classes.  The Complaint alleges class-wide causes of action for California Labor

16 Code violations and under the unfair business practices statutes of California

17 Business and Professions Code section 17200 *et seq.*, and seeks relief in the form of

18 allegedly unpaid wages under the Labor Code, declaratory and injunctive relief, as

19 well as statutory attorneys' fees, costs and interest.

20    3.   On July 13, 2009 Home Depot was served with a copy of the

21 Complaint and the other papers that are attached as Exhibit A.  Therefore, this

22 notice of removal is timely filed within 30 days of service pursuant to 28 U.S.C.

23 § 1446(b).

24    4.   On July 16, 2009, the Court issued a Minute Order designating this

25 action non-complex and reassigning it to the Honorable Judge Ernest M. Hiroshige.

26 On July 27, 2009, Plaintiffs served on Home Depot the Court's July 16, 2009

27 Minute Order.  A true and correct copy of the Court's Minute Order is attached to

28 this notice as Exhibit B.

1    5.    On August 7, 2009, Home Depot filed an Answer to the Compliant

2    with the Superior Court of the State of California for the County of Los Angeles.

3    The Answer was served on Plaintiffs on the same date.  A true and correct copy of

4    the Answer and the proof of service is attached hereto as Exhibit C.

5    6.    Home Depot is informed and believes and on that basis alleges that

6    there is no other named defendant and that no other defendant, whether named or

7    not, has been served with or otherwise received the Complaint in this action.

8                              **CLASS ACTION FAIRNESS ACT**

9    1.    Home Depot removes this action based upon the Class Action Fairness

10   Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d).  This Court has original

11   jurisdiction of this action under § 1332(d)(2).  As set forth below, this action is

12   removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least

13   one class member is a citizen of a state different from that of any one defendant, the

14   proposed class exceeds 100 members, and the amount in controversy exceeds

15   $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).  Further, no

16   defendant identified in the Complaint is a state, officers of a state or a governmental

17   agency.  28 U.S.C. § 1332(d)(5).

18                          **Diverse Citizenship of the Parties**

19   7.    **Plaintiffs' Citizenship**.  Plaintiffs, as they allege, are residents of the

20   State of California.  Complaint ¶¶ 2-3.  For diversity purposes, a person is a

21   "citizen" of the state in which he is domiciled.  *See Kantor v. Wellesly Galleries,*

22   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of

23   domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir.

24   1994).  Accordingly, Home Depot alleges that Plaintiffs are citizens of California.

25   8.    **Citizenship of Proposed Class Members**.  Plaintiffs allege that the

26   proposed class consists only of persons currently or formerly employed by Home

27   Depot within the State of California.  Complaint, p. 2 ln. 2-4.  On that basis, Home

28   Depot alleges that at least two-thirds of the persons who make up the proposed

1   class are citizens of the State of California.

2        **Home Depot's Citizenship**.  For diversity purposes, a corporation

3   "shall be deemed to be a citizen of any State by which it has been incorporated and

4   of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

5   As discussed below, Home Depot is not a citizen of the State of California for

6   diversity purposes. *See Industrial Tectonics, inc. v. Aero Alloy*, 912 F.2d 1090,

7   1093 (9th Cir. 1990) (providing that where a corporation does business in a number

8   of states and does not conduct the substantial predominance of its business in any

9   single one, the state where corporate headquarters is located is the corporation's

10   principal place of business).  Home Depot does business in every state, is

11   incorporated under the laws of the State of Delaware and its principal place of

12   business is in the State of Georgia, where it is headquartered. *See* Home Depot's

13   Form 10-K filed with the Securities and Exchange Commission on April 2, 2009.

14   (Ex. A to Home Depot's Request for Judicial Notice in Support of Home Depot's

15   Notice of Removal, filed herewith); *see also Anaya v. Home Depot, U.S.A., Inc.*,

16   United States District Court, Central District of California, Case No. 8:09-cv-

17   00131-DOC-AN (filed February 4, 2009); *Arellano v. Home Depot U.S.A., Inc.*,

18   245 F.Supp.2d 1102, 1108 (S.D.Cal. 2003) (Home Depot is a citizen of Delaware

19   and Georgia, and complete diversity of citizenship exists between it and plaintiff, a

20   California citizen.)

21        9.    **Doe Defendants**.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of

22   fictitious defendants is disregarded for purposes of establishing removal jurisdiction

23   under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor*

24   *Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

25        10.    **Size of Class**.  The Complaint defines the two proposed classes as:

26        All current or former [Assistant Store Managers]

27        employed by Home Depot who were improperly
classified as "exempt" employees and deprived of wages

28        by Defendant's failure to pay time-and-a-half for all

1    hours worked in excess of eight (8) hours per day and
2    forty (40) hours per week (the "Class").

3    All current and former [Assistant Store Managers]
4    employed by Home Depot who were improperly
     classified as "exempt" employees and deprived of wages
5    by Defendant's failure to pay time-and-a-half for all
6    hours worked in excess of eight (8) hours per day and
     forty (40) hours per work week during the ASM's
7    training period for the ASM position (the "Training
8    Class").

9         Home Depot asserts that there are more than 100 individuals who qualify as

10   current or former Assistant Store Managers of Home Depot during the four-year

11   period alleged.  The Complaint alleges that there are "hundreds if not thousands" of

12   potential class members.  Complaint ¶ 27.

13                           **Amount in Controversy**

14        11.    The alleged amount in controversy in this class action exceeds, in the

15   aggregate, $5,000,000, exclusive of interest and costs.  The Complaint seeks

16   payment of overtime wages that allegedly are owed to current and former Assistant

17   Store Managers over the past four years.  The Complaint alleges that the proposed

18   members the Class were required to work "at least fifty-five (55) hours per week,

19   based on a five (5) day per week and eleven (11) hour per day schedule." *Id.* ¶ 9.

20   The Complaint further alleges that Home Depot operates over 170 stores in the

21   State of California.  *Id.* ¶ 4.  Even assuming, *arguendo*, that there is only one

22   Assistant Store Manager position per store for the past four year period alleged in

23   the Complaint, and that putative class members were paid a rate equal to the former

24   minimum wage rate of $6.75 per hour,[1] the alleged unpaid overtime compensation

25   would exceed $5 million (*i.e.*, 170 positions, multiplied by four years or 208 weeks,

26   multiplied by an hourly wage of $6.75, multiplied by fifteen hours of time-and-a-

27

28
---
[1] The California minimum wage rate changed to $7.50/hr. on January 1, 2007.  It changed again to $8.00/hr. on January 1, 2008.

1    half per week).

2         12.    The Court should also include requests for attorneys' fees in

3    determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d

4    1150, 1156 (9th Cir. 1998). Coupled with the requests for damages, the amount in

5    controversy exceeds $5,000,000, exclusive of interest and costs.

6                    **Other Similar Cases Filed Within Past 3 Years**

7         13.    Within the 3 years preceding the filing of the instant action, there has

8    been one other class action filed asserting the same or similar factual allegations

9    against Home Depot.

10        (a)    *Edward Novak v. Home Depot*, U.S. District Court, District of New

11   Jersey, Case No. 3:06-cv-04841. On August 17, 2006, this proposed class action

12   lawsuit was filed against defendant Home Depot. As alleged in the complaint in the

13   *Novak* matter, the claims there include class-wide claims of violations of the New

14   Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, as well as New Jersey

15   common law claims.

16                    **No Bases for Declining Jurisdiction**

17        14.    There are no bases for this Court to reject or decline jurisdiction as set

18   out in 28 U.S.C. § 1332(d). Further, as set out above, no named defendant is a

19   citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable.

20                                 **VENUE**

21        15.    Venue lies in the Central District of California pursuant to 28 U.S.C.

22   §§ 1441, 1446(a), and 84(c)(2). This action was originally brought in the Superior

23   Court of the State of California, County of Los Angeles, which is embraced by

24   Central District of California, Western Division.

25                         **NOTICE OF REMOVAL**

26        16.    This Notice of Removal will be promptly served on Plaintiffs and filed

27   with the Clerk of the Superior Court of the State of California, County of Los

28   Angeles.

1        17.    In compliance with 28 U.S.C. §§ 1446(a), attached are copies of the

2    state court papers served herein — the Complaint and Summons (Exhibit A); July

3    16, 2009 Court Order (Exhibit B) and Home Depot's Answer (Exhibit C).

4        WHEREFORE, Home Depot prays that this civil action be removed from the

5    Superior Court of the State of California, County of Los Angeles to the United

6    States District Court for the Central District of California, Western Division.

7

8    Dated:        August 11, 2009                LYNNE C. HERMLE
                                                 SARA E. DIONNE
9                                                ANDREA L. BROWN
                                                 Orrick, Herrington & Sutcliffe LLP
10

11

12                                               _____
                                                 LYNNE C. HERMLE
13                                               Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  Mark J. Tamblyn (State Bar No. 179272)
   Ian J. Barlow (State Bar No. 262213)
2  **WEXLER WALLACE LLP**
   455 Capitol Mall, Suite 231
3  Sacramento, California 95814
   Telephone: (916) 492-1100
4  Facsimile: (916) 492-1124
   mjt@wexlerwallace.com
5  ijb@wexlerwallace.com

6  Lee Squitieri
   Caitlin Duffy
7  **SQUITIERI & FEARON, LLP**
   32 East 57th Street, 12th Floor
8  New York, New York 10022
   Telephone: (212) 421-6492
9  Facsimile: (212) 421-6553
   lee@sfclasslaw.com
10 caitlin@sfclasslaw.com

11 Attorneys for *Plaintiffs*

12

13        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR COUNTY OF LOS ANGELES

15 ARECELI MENDOZA and KYLE DIAMOND,        Case No. _____ BC 417396
   individually and on behalf of themselves and all
16 others similarly situated,

17                                           **CLASS ACTION COMPLAINT FOR**
                        Plaintiffs,          **DAMAGES AND INJUNCTIVE**
18                                           **RELIEF**
         vs.
19
   HOME DEPOT, U.S.A., INC., a Delaware      **JURY TRIAL DEMANDED**
20 corporation; and DOES 1-50 inclusive,

21                      Defendant.

22

23

24

25

26

27

28

                              1
          CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

FILED
LOS ANGELES SUPERIOR COUR.

JUL 8 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

1   Areceli Mendoza and Kyle Diamond (collectively, "Plaintiffs"), individually and on

2   behalf of all others similarly situated, bring this class action on behalf of hundreds of current and

3   former Assistant Store Managers of California Home Depot stores who were not paid overtime

4   wages during the four years preceding the filing of this Class Action Complaint ("Complaint").

5   This Complaint is brought against Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant")

6   and, upon information and belief, alleges as follows:

7                            **NATURE OF CASE**

8   1.      Plaintiffs and all other similarly situated current and former Assistant Store

9   Managers ("ASMs") of Home Depot, under California Industrial Welfare Commission (IWC)

10  Wage Order No. 4 and California Labor Code sections 510 and 1194 ("California Labor laws")

11  are entitled to be paid for all hours spent working and to receive overtime pay for all hours

12  worked over forty (40) hours per work week.  Plaintiffs allege that Home Depot has engaged in a

13  statewide pattern and practice of deliberately misclassifying Plaintiffs and other members of the

14  Classes as "exempt" employees for purposes of state overtime laws.  Home Depot misclassified

15  employees to save millions of dollars in employee compensation by requiring Plaintiffs and

16  members of the Classes to work in excess of forty (40) hours per work week without paying

17  time-and-a-half for all hours worked in excess of forty (40) hours.  The ASM position does not

18  qualify as an exempt position:  (1) during the time when ASMs were training before becoming

19  "working ASMs" and because (2) the ASM position does not meet the salary basis test due to

20  Home Depot's policy of terminating ASMs if the ASM exercises his or her discretion on a

21  regular basis to work less than the eleven (11) hour per day minimum shift for which the ASM

22  has been scheduled.

23                               **PARTIES**

24  2.      Plaintiff Areceli Mendoza is a former employee of Defendant Home Depot, who

25  resides in Wilmington, California in the County of Los Angeles.  Within the applicable period of

26  limitations prior to the commencement of this action, Mendoza was employed by Defendant in

27  the position of ASM and was unlawfully deprived of wages due and owing to her by Defendant.

28  3.      Plaintiff Kyle Diamond is a former employee of Defendant Home Depot, who

2

1   resides in Redlands, California in the County of San Bernardino.  Within the applicable period of

2   limitations prior to the commencement of this action, Mendoza was employed by Defendant in

3   the position of ASM and was unlawfully deprived of wages due and owing to him by Defendant.

4       4.    Defendant Home Depot is a Delaware corporation with its principal executive

5   offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia.  Home Depot owns and

6   operates over 170 stores in the State of California.

7       5.    Plaintiffs allege, based on information and belief, that at all relevant times Does

8   One through Fifty were agents, employee, representatives, partners, and related or affiliated

9   entities of Defendant.  Plaintiffs do not know the true names and capacities of Defendants Does

10  One through Fifty, and Plaintiffs will seek leave to amend this Complaint to allege such names

11  and capacities as soon as they are ascertained.

12  **JURISDICTION AND VENUE**

13      6.    The jurisdiction of this Court arises under California Code of Civil Procedure

14  section 410.10.  Defendant systematically and continuously does business in Los Angeles

15  County and Plaintiffs are residents of the State of California.  Plaintiffs do not assert any claim

16  under the laws of the United States of America.

17      7.    Venue is proper in this Court pursuant to California Code of Civil Procedure

18  sections 395 and 395.5 because a substantial part of the events or omissions giving rise to the

19  claims occurred in Los Angeles County.  At all relevant times, Defendant failed to pay overtime

20  wages to Assistant Store Managers employed in this County in violation of state laws.

21  **FACTUAL ALLEGATIONS**

22      8.    Plaintiffs were employed by Defendant as Assistant Store Managers ("ASMs") at

23  various Home Depot stores throughout California including the Torrance store (store # 618),

24  Gardena store (store # 611), Chino store (store # 6876) and Mira Loma store (store # 1084).

25      9.    During the employment period, Plaintiffs and members of the Class were required

26  to work at least fifty-five (55) hours per week, based on a five (5) day per week and eleven (11)

27  hour per day schedule, as a matter of Home Depot's stated policy and as provided in the ASM

28  job description.  Despite being scheduled and required to work a minimum of fifty-five (55)

3

1    hours per week, Plaintiffs and members of the Class were not compensated at time-and-a-half for

2    hours worked in excess of eight (8) hours per day and forty (40) hours per week.

3          10.      Plaintiffs and members of the Class were identified as "exempt" employees by

4    Defendant for purposes of California labor laws and paid a salary. However, Home Depot had a

5    policy of terminating ASMs if the ASM exercises his or her discretion on a regular basis to not

6    complete each eleven (11) hour minimum shift for which the ASM was scheduled.  Home Depot

7    also had a policy of reducing an ASM's salary by termination if he or she exercised his or her

8    discretion on a regular basis to not complete each eleven (11) hour minimum shift for which the

9    ASM was scheduled.

10         11.      Applicable state law provides that an employee is considered to be paid on a

11    "salary basis" and exempt from overtime where an employee's compensation is not subject to

12    reduction due to variations in the quality or quantity of work performed.  As a result, Home

13    Depot's policy of terminating ASMs and reducing salaries of ASMs who regularly exercise their

14    discretion to not complete each scheduled eleven (11) hour shift prevents such ASMs from

15    meeting the salary basis test.

16         12.      Home Depot requires all ASMs to undergo a training period after they are either

17    promoted to or hired for the ASM position.  The training period lasts between two (2) and eight

18    (8) weeks.

19         13.      During the employment training period, Plaintiffs and members of the Training

20    Class are required to work over forty (40) hours a week, and Plaintiffs and members of the

21    Training Class are not compensated at time-and-a-half for hours worked in excess of eight (8)

22    hours per day and forty (40) hours per week.  During that period, Home Depot compensated

23    ASMs with their initial starting ASM salary, which does not include any amount for overtime.

24         14.      For purposes of California labor laws, Home Depot identified Plaintiffs and

25    members of the Classes as "exempt" during their training period.  However, ASMs were not

26    performing nor did Home Depot expect them to perform any "exempt" work.

27         15.      Home Depot has a policy of training ASMs before they become "working

28    ASMs." ASMs follow training modules that are developed at Home Depot's Atlanta

4

1   headquarters.  ASMs are not assigned to any one department during training.  Instead, to the

2   extent that ASMs are "on the floor" of a Home Depot store during training, ASMs float between

3   departments, often learning from hourly associates what is involved in each department of a

4   Home Depot store.

5        16.     During the training periods, Home Depot requires ASMs to train for the ASM

6   position and does not hold ASMs responsible for any management duties during that time.

7        17.     After completing their training, ASMs are assigned to departments in the store

8   where they trained or in another Home Depot store.

9        18.     Plaintiffs and members of the Training Class are not "exempt" employees under

10  applicable law.  During their training, Plaintiffs had no authority to hire or fire other employees

11  within Home Depot nor did they have any input regarding store staffing.  Plaintiffs' job

12  responsibilities during training were devoid of any duties pertaining to the management of Home

13  Depot stores.

14       19.     The unlawful conduct by Defendant is not inadvertent, de minimis, isolated or

15  sporadic but is widespread, repeated and part of a pattern and practice of conduct affecting all

16  ASMs employed in the State of California.

17       20.     Upon information and belief, other stores operated by Defendant in the State of

18  California imposed the same policies upon ASMs.

19                          **CLASS ACTION ALLEGATIONS**

20       21.     Plaintiffs bring this class action on behalf of themselves and the classes (the

21  "Classes") initially defined as:

22       a)    All current or former ASMs employed by Home Depot who were
               improperly classified as "exempt" employees and deprived of
23             wages by Defendant's failure to pay time-and-a-half for all hours
               worked in excess of  eight (8) hours per day and forty (40) hours
24             per week ( the "Class").
25
26       b)    All current and former ASMs employed by Home Depot who were
               improperly classified as "exempt" employees and deprived of
27             wages by Defendant's failure to pay time-and-a-half for all hours
               worked in excess of eight (8) hours per day and forty (40) hours per
28             work week during the ASM's training period for the ASM position
               (the "Training Class").

                                    5

22. The Class Period for Plaintiffs' claims begins at the earliest four years preceding the filing of this Complaint and continues through the present and for so long as Defendant's illegal wage practices continue.

23. Plaintiffs are members of the Class and Training Class.

24. Excluded from the Classes are: Defendant, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendant, the Judge assigned to this action, any member of the Judge's immediate family and counsel for the Plaintiffs.

25. Subject to additional information obtained through further investigation and discovery, the definition of the Classes may be expanded or narrowed by amendment or amended complaint.

26. This action has been brought and may be properly maintained as a class action, pursuant to the provisions of the California Code of Civil Procedure section 382.

27. Numerosity: Members of the Classes are so numerous that their individual joinder is impracticable. Although the precise number and identity of such members is unknown, they can be ascertained from Defendant's records. Upon information and belief, there are hundreds if not thousands of members of the Classes based on the fact that during the class period Home Depot operated over 175 stores throughout the State of California. Members of the Classes may be notified of the pendency of this action by mail, electronic means and (if deemed necessary or appropriate by the Court) by published notice.

28. Existence and Predominance of Common Questions: Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to:

   (a) whether Plaintiffs and class members are non-exempt employees of Home Depot;

   (b) whether Plaintiffs and class members are non-exempt employees of Home Depot during the training period;

6

(c) whether Home Depot's policy and practice of classifying ASMs as exempt from overtime and failing to pay overtime to ASMs violate applicable California labor and unfair competition laws due to Home Depot's termination of ASMs who exercise their discretion on a regular basis to work less than the eleven (11) hour per day minimum shift for which they were scheduled;

(d) whether Defendant engaged in a continuing policy, pattern or practice of misclassifying ASMs as exempt employees, including Plaintiffs and prospective members of the Classes, by allowing Home Depot to require ASMs to perform work in excess of forty (40) hours per week without compensating them at time-and-a-half for all hours worked beyond eight (8) hours per day and forty (40) hours per week;

(e) whether Home Depot's conduct was willful and purposeful; and

(f) whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged herein, such that it would be inequitable for Defendant to retain the benefits conferred upon it by Plaintiffs and the Classes.

29.  Defendant's defenses, to the extent that any such defenses apply, are applicable generally to Plaintiffs and the entire Classes and are not distinguishable as to proposed members of the Classes.

30.  Typicality:  Plaintiffs are members of the Classes and their claims are typical of the claims of the Classes.  Plaintiffs' claims encompass the challenged practices and conduct engaged in by Defendant as alleged herein and because Plaintiffs' legal claims arise out of the same conduct and are based on the same legal theories as the claims of the Classes.

31.  Adequacy:  Plaintiffs' interests do not conflict with the interests of the members of the Classes they seek to represent.  Plaintiffs have retained counsel competent and experienced in complex class action litigation in the Courts of the State of California and elsewhere. Plaintiffs intend to prosecute this action vigorously and protect the interests of the Classes. The interests of members of the Classes will be fairly and adequately protected by

7

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Plaintiffs and their counsel.

2       32.   <u>Superiority</u>: A class action is superior to other available means for the fair and

3   efficient adjudication of Plaintiffs' and Class members' claims.  The members of the Classes have

4   no plain, speedy or adequate remedy other than by maintenance of a class action.  The damages

5   sought by each member of the Classes are relatively small thereby making it economically

6   impractical to pursue the remedies on an individual basis.  Additionally, individualized litigation

7   presents a potential for inconsistent or contradictory judgments.  Individualized litigation

8   increases the delay and expense to all parties and the court system as a whole.  By contrast, the

9   class action device presents far fewer management difficulties and provides the benefits of single

10   adjudication, economy of scale, and comprehensive supervision by a single Court.

11       33.   Having refused to act within the constraints of the law and having failed to take

12   into account members' of the Classes interests and rights, Defendant should compensate the

13   Classes for their damages.

14                       **FIRST CAUSE OF ACTION**

15   **(By Plaintiffs for the Class and Training Class Against Defendant For Overtime Wages<br>under California Labor Law and the Regulations Promulgated Thereunder)**

16       34.   Plaintiffs hereby incorporate by reference the allegations contained in the

17   preceding paragraphs of this Complaint.

18       35.   During the Class Period, Defendant classified Plaintiffs and all ASMs as

19   "exempt" employees.

20       36.   Plaintiffs and members of the Training Class did not perform duties which would

21   qualify them as "exempt" employees pursuant to California Labor Code sections 510 and 1194

22   during their training period.

23       37.   Defendant derived benefits by classifying Plaintiffs as "exempt" employees

24   during their training period in that it failed to pay Plaintiffs time-and-a-half for all hours worked

25   in excess of eight (8) hours per day and forty (40) hours per week.

26       38.   As a result of the foregoing, Plaintiffs and members of the Training Class have

27   been damaged in an amount to be determined at trial.

28       39.   During the entire Class Period, Home Depot's fifty-five (55) hour minimum per

8

1  week requirement and disciplinary policy for failing to work the minimum required hours

2  disqualifies ASMs as exempt employees under the salary basis test pursuant to California Labor

3  Code sections 510 and 1194.

4         40.   Defendant derived benefits by classifying Plaintiffs as "exempt" employees in

5  that it failed to pay Plaintiffs time-and-a-half for all hours worked in excess of eight (8) hours per

6  day and forty (40) hours per week.

7        41.   As a result of the foregoing, Plaintiffs and members of the Classes have been

8  damaged in an amount to be determined at trial.

9                    **SECOND CAUSE OF ACTION**

10    **(By Plaintiffs for the Training Class Against Defendant for Declaratory Judgment)**

11        42.   Plaintiffs hereby incorporate by reference the allegations contained in the

12  preceding paragraphs of this Complaint.

13        43.   During the training period, Home Depot requires ASMs to learn and train for the

14  assistant management position and not perform any management responsibilities or duties during

15  that time.

16        44.   During the training period, ASMs do not hire or fire prospective and current

17  employees. ASMs also do not supervise two or more employees during their training period.

18        45.   During the training period, ASMs are not assigned to supervise any departments.

19        46.   As a result, Home Depot misclassifies the ASM position during the training

20  period as "exempt" under California Industrial Welfare Commission (IWC) Wage Order No. 4

21  and California Labor Code sections 510 and 1194.

22        47.   Accordingly, Plaintiffs on behalf of themselves and the Training Class seek a

23  declaratory judgment that the ASM training period is non-exempt under California Labor laws.

24                    **THIRD CAUSE OF ACTION**

25    **(By Plaintiffs for the Class Against Defendant For Declaratory Judgment)**

26        48.   Plaintiffs hereby incorporate by reference the allegations contained in the

27  preceding paragraphs of this Complaint.

28        49.   Defendant's policy and practice requires ASMs to work a minimum of fifty-five

   (55) hours per week.

9

50.     Home Depot has a policy of terminating ASMs and reducing salaries of ASMs if the ASM exercises his or her discretion on a regular basis to work less than the eleven (11) hour minimum daily shift for which the ASM was scheduled.

51.     California's Division of Fair Labor Standards Enforcement ("DLSE"), the state agency charged with enforcing and administering state labor statutes and wage orders, has followed the federal "salary basis test." Under the salary basis test, an employee is paid on a salary basis and exempt from overtime pay requirements if the employee's salary is "not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a); *see also* Cal. Lab. Code § 515(a) (authorizing exemptions from state overtime pay requirements under Cal. Lab. Code § 510).

52.     As a result, Plaintiffs on behalf of themselves and the Class seek a declaratory judgment that the ASM position does not meet the salary basis test and is not exempt from overtime payment requirements under California Labor Code sections 510 and 1194.

### FOURTH CAUSE OF ACTION
### (By Plaintiffs for the Class and Training Class Against Defendant for Unjust Enrichment)

53.     By engaging in the conduct described in this Complaint, Defendant has been unjustly enriched at the expense of Plaintiffs and the Classes.

54.     As a proximate result of Defendant's unlawful, fraudulent, negligent, and/or unfair conduct, and violations of California's wage, hour and labor laws, Defendant has obtained revenues by which it became unjustly enriched at the expense of Plaintiffs and members of the proposed Classes.

55.     Defendant was aware and had knowledge of the benefit it was receiving as a result of the conduct alleged herein, and has enjoyed the benefit of its financial gains, to the detriment and at the expense of Plaintiffs and the Classes.

56.     Under the circumstances alleged herein, it would be unfair and inequitable for Defendant to retain the profits it has unjustly obtained at the expense of the Plaintiffs and the Classes.

57.     Accordingly, Plaintiffs seek an order establishing Defendant as constructive trustees of the profits that served to unjustly enrich them, together with interest during the period

10

1  in which Defendant has retained such funds, and requiring Defendant to disgorge those funds to

2  Plaintiffs and members of the Classes in a manner to be determined by the Court.

3  **FIFTH CAUSE OF ACTION**

4  **(By Plaintiffs for the Class and Training Class Against Defendant For Violation of California's Unfair Competition Law, Business And Professions Code §§ 17200, et seq.)**

5      58.    Plaintiffs hereby incorporate by reference the allegations contained in the

6  preceding paragraphs of this Complaint.

7      59.    Defendant's acts and practices, as described herein, constitute unlawful, unfair or

8  fraudulent business practices in violation of the UCL.

9      60.    The utility of Defendant's employee classification and compensation practices is

10  significantly outweighed by the gravity of the harm they impose on Plaintiffs and the Classes.

11  Defendant's acts and practices are oppressive, unscrupulous or substantially injurious to its

12  employees.

13      61.    The above-described unfair, unlawful and fraudulent business practices conducted

14  by Defendant present a threat and likelihood of harm and deception to members of the Classes in

15  that Defendant has systematically perpetrated and continues to perpetrate the unfair, unlawful

16  and fraudulent conduct upon them.

17      62.    Defendant's acts and practices constitute unlawful business practices in violation

18  of California wage, hour and labor laws, as described herein.

19      63.    Plaintiffs and the Classes have suffered harm as a proximate result of the

20  wrongful conduct of the Defendant alleged herein, and therefore bring this cause of action for

21  restitution and disgorgement. Plaintiffs and the Classes have suffered injury in fact and have lost

22  money as a result of Defendant's acts and practices, described herein, in that they have not been

23  paid wages due them.

24      64.    In performing their services for Defendant, Plaintiffs relied upon Defendant to

25  fairly and lawfully compensate them for their services as employees of Defendant.

26      65.    Pursuant to Business and Professions Code §§17200 and 17203, Plaintiffs, on

27  behalf of themselves and the Classes, seek an order of this Court: enjoining the Defendant from

28  continuing to engage in the practices described herein. Plaintiffs and the Classes are further

11

1   entitled to, and pray for, restitution of all monies owed to them as a result of Defendant's unfair,

2   unlawful and fraudulent practices, along with disgorgement of profits, plus interest and

3   attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure §1021.5.

4   <u>**PRAYER FOR RELIEF**</u>

5   **WHEREFORE,** Plaintiffs on behalf of themselves and the Classes, respectfully request

6   that this Court enter Judgment against Home Depot, as follows:

7   A.      Certifying this action as a class action pursuant to California Code of Civil

8   Procedure section 382 and appointing Plaintiffs and their counsel to represent the Classes;

9   B.      Declaring Defendant's conduct complained of herein to be in violation of

10  the Plaintiffs' rights under California Labor Law;

11  C.      Enjoining Defendant from classifying the ASM position as exempt during

12  training and thereafter;

13  D.      Declaring that the ASM position during training is non-exempt;

14  E.      Awarding Plaintiffs and the Classes their unpaid compensation due under

15  the laws of the State of California;

16  F.      Awarding Plaintiffs prejudgment and post-judgment interest; and

17  G.      Awarding Plaintiffs the costs of this action together with reasonable

18  attorneys' fees, and such other and further relief as this Court deems necessary and proper.

19  <u>**DEMAND FOR TRIAL BY JURY**</u>

20  Plaintiffs demand trial by jury as to all issues so triable.

21

22  Dated: July 8, 2009                    WEXLER WALLACE LLP

23

24                                         Mark J. Tamblyn

25                                         Ian J. Barlow
                                           455 Capitol Mall, Suite 231
26                                         Sacramento, CA 95814
                                           Telephone: (916) 492-1100
27                                         Facsimile: (916) 492-1124

28

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

Attorneys for *Plaintiffs, individually and on behalf
of the proposed Class*

13

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Mark J. Tamblyn (SB #179272)
WEXLER WALLACE LLP
455 Capitol Mall, Suite 231
Sacramento, CA 95814
TELEPHONE NO.: (916) 492-1100   FAX NO.: (916) 492-1124
ATTORNEY FOR *(Name):* Plaintiffs

**FOR COURT USE ONLY**

FILED
LOS ANGELES SUPERIOR COURT

JUL 8 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME:
Areceli Mendoza and Kyle Diamond v. Home Depot, U.S.A., Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 417396 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 8, 2009

Mark J. Tamblyn
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                     **CIVIL CASE COVER SHEET**                     Page 2 of 2

| SHORT TITLE: Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | CASE NUMBER: BC417396 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I: Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**BY FAX**

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

### CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A5109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE.<br>Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>24451. CRENSHAW BLVD. |
|---|---|
| CITY:<br>TORRANCE | STATE:<br>CA | ZIP CODE:<br>90505 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Central _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 7-8-09 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

> **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT, U.S.A., INC., a Delaware corporation; and DOES 1-50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARECELI MENDOZA and KYLE DIAMOND, individually and on behalf of themselves and all others similarly siutated,

**FILED**
FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
LOS ANGELES SUPERIOR COURT

JUL 8 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br><br>**BC 417396** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mark J. Tamblyn/Walter Wallace LLP, 455 Capitol Mall, Ste. 231, Sacramento, CA 95814

| | | | | |
|---|---|---|---|---|
| DATE: *(Fecha)* JUL 8 | **JOHN A. CLARKE, CLERK** | Clerk, by *(Secretario)* | M. GARCIA | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

    under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

ORIGINAL
FILED
LOS ANGELES SUPERIOR COURT

JUL 23 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

1   Mark J. Tamblyn (State Bar No. 179272)
    Ian J. Barlow (State Bar No. 262213)
2   **WEXLER WALLACE LLP**
    455 Capitol Mall, Suite 231
3   Sacramento, California 95814
    Telephone: (916) 492-1100
4   Facsimile: (916) 492-1124
    mjt@wexlerwallace.com
5   ijb@wexlerwallace.com

6   Lee Squitieri
    Caitlin Duffy
7   **SQUITIERI & FEARON, LLP**
    32 East 57th Street, 12th Floor
8   New York, New York 10022
    Telephone: (212) 421-6492
9   Facsimile: (212) 421-6553
    lee@sfclasslaw.com
10  caitlin@sfclasslaw.com

11  Attorneys for *Plaintiffs*

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                IN AND FOR COUNTY OF LOS ANGELES

15  ARECELI MENDOZA and KYLE DIAMOND,     Case No. BC 417396   D.54
    individually and on behalf of themselves and all
16  others similarly situated,

17                                        NOTICE OF ENTRY OF ORDER
                    Plaintiffs,
18
          vs.
19
    HOME DEPOT, U.S.A., INC., a Delaware   **File by Fax**
20  corporation; and DOES 1-50 inclusive,

21                  Defendant.

22

23  TO DEFENDANT HOME DEPOT:

24          NOTICE IS HEREBY GIVEN that on July 16, 2009, the Honorable Carl J. West entered

25  an order designating this action non-complex and reassigning it to the Honorable Judge Ernest

26  M. Hiroshige in Department 54 of the Los Angeles Superior Court, Stanley Mosk Courthouse,

27  for all further proceedings. A copy of the Order is attached hereto as Exhibit A.

28  //

                                    1
                        NOTICE OF ENTRY OF ORDER

1    Dated: July 23, 2009       **WEXLER WALLACE LLP**

2

3                      Mark J. Tamblyn

4                      Ian J. Barlow
                           455 Capitol Mall, Suite 231

5                      Sacramento, CA 95814
                           Telephone: (916) 492-1100

6                      Facsimile: (916) 492-1124

7                      Lee Squitieri
                           Caitlin Duffy

8                      **SQUITIERI & FEARON, LLP**
                           32 East 57th Street, 12th Floor

9                      New York, NY 10022
                           Telephone: (212) 421-6492

10                    Facsimile: (212) 421-6553

11                    Attorneys for *Plaintiffs, individually and on behalf*
                           *of the proposed Class*

2

**PROOF OF SERVICE**

I, Sheila M. Brown, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 455 Capitol Mall, Suite 231, Sacramento, California 95814. On July 23, 2009, I served the following document(s):

- **NOTICE OF ENTRY OF ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
lee@sfclasslaw.com
caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*

☒ by causing personal delivery by process server, **Rapid Legal** of the document(s) listed above to the person(s) at the address(es) set forth below.

Corporation Service Company
2730 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833

*Authorized Agent for Home Depot U.S.A., Inc.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 23, 2009, at Sacramento, California.

Sheila M. Brown

1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

DATE: 07/16/09                                                    DEPT. 311

HONORABLE CARL J. WEST          JUDGE | R. RULLY          DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

        NONE          Deputy Sheriff | NONE          Reporter

| 8:30 am | BC417396 | Plaintiff Counsel | |
| | ARECELI MENDOZA ET AL | | NO APPEARANCES |
| | VS | | |
| | HOME DEPOT USA INC | Defendant Counsel | |
| | NON-COMPLEX (07-16-09) | | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Ernest M. Hiroshige in Department 54 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 54 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 311 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 311 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

                CLERK'S CERTIFICATE OF MAILING/
                  NOTICE OF ENTRY OF ORDER

                Page   1 of   2    DEPT. 311

MINUTES ENTERED
07/16/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/16/09                                                          DEPT. 311

HONORABLE CARL J. WEST      JUDGE  R. RULLY          DEPUTY CLERK

HONORABLE                   JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

          NONE              Deputy Sheriff  NONE              Reporter

---

8:30 am  BC417396                    Plaintiff
                                     Counsel
         ARECELI MENDOZA ET AL                        NO APPEARANCES
         VS                          Defendant
         HOME DEPOT USA INC          Counsel

         NON-COMPLEX (07-16-09)

---

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-17-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-17-09

John A. Clarke, Executive Officer/Clerk

By: _____KIN HILAIRE_____
              K. HILAIRE


WEXLER & WALLACE, LLP
Mark J. Tamblyn, Esq.
455 Capitol Mall, Suite 231
Sacramento, California  95814

7
/
2
7
/
0
9

                Page   2 of  2   DEPT. 311

                                          MINUTES ENTERED
                                          07/16/09
                                          COUNTY CLERK

ORIGINAL

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 27 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

1   Mark J. Tamblyn (State Bar No. 179272)
    Ian J. Barlow (State Bar No. 262213)
2   **WEXLER WALLACE LLP**
    455 Capitol Mall, Suite 231
3   Sacramento, California 95814
    Telephone: (916) 492-1100
4   Facsimile: (916) 492-1124
    mjt@wexlerwallace.com
5   ijb@wexlerwallace.com

6   Lee Squitieri
    Caitlin Duffy
7   **SQUITIERI & FEARON, LLP**
    32 East 57th Street, 12th Floor
8   New York, New York 10022
    Telephone: (212) 421-6492
9   Facsimile: (212) 421-6553
    lee@sfclasslaw.com
10  caitlin@sfclasslaw.com

11  Attorneys for *Plaintiffs*

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR COUNTY OF LOS ANGELES

15  ARECELI MENDOZA and KYLE DIAMOND,          Case No. BC 417396  D. 54
    individually and on behalf of themselves and all
16  others similarly situated,

17                                              **NOTICE OF PROOF OF SERVICE OF**
                    Plaintiffs,                 **JULY 16, 2009 MINUTE ORDER**
18
          vs.
19
    HOME DEPOT, U.S.A., INC., a Delaware
20  corporation; and DOES 1-50 inclusive,

21                  Defendant.

22

23          NOTICE IS HEREBY GIVEN that the Honorable Carl J. West ordered Plaintiffs to serve

24  on all parties a copy of the July 16, 2009 Minute Order designating this action non-complex and

25  reassigning it to the Honorable Judge Ernest M. Hiroshige in Department 54 of the Los Angeles

26  Superior Court, Stanley Mosk Courthouse, for all further proceedings. All parties were served

27  with a copy of Notice of Entry of Order (see Exhibit A). A copy of the Notice of Entry of Order

28  was served on the authorized agent for Home Depot. An executed copy is attached herein (see

                                              1

File by Fax

1    Exhibit B).

2    Dated: July 27, 2009                    **WEXLER WALLACE LLP**

3

4                                            Mark J. Tamblyn

5                                            Ian J. Barlow
                                             455 Capitol Mall, Suite 231
6                                            Sacramento, CA 95814
                                             Telephone: (916) 492-1100
7                                            Facsimile: (916) 492-1124

8                                            Lee Squitieri
                                             Caitlin Duffy
9                                            **SQUITIERI & FEARON, LLP**
                                             32 East 57th Street, 12th Floor
10                                           New York, NY 10022
                                             Telephone: (212) 421-6492
11                                           Facsimile: (212) 421-6553

12                                           Attorneys for *Plaintiffs, individually and on behalf*
                                             *of the proposed Class*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             2
                            NOTICE OF PROOF OF SERVICE OF JULY 16, 2009 MINUTE ORDER

**PROOF OF SERVICE**

1

2        I, Sheila M. Brown, declare:

3        I am a resident of the State of California and over the age of eighteen years, and not a
party to the within action; my business address is 455 Capitol Mall, Suite 231, Sacramento,
4 7    California 95814. On July 27, 2009, I served the following document(s):

5    •    **NOTICE OF PROOF OF SERVICE OF JULY 16, 2009 MINUTE ORDER**

6    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
         fully prepaid, in the United States mail at Sacramento, California addressed as set forth
7        below.

8                              Lee Squitieri
                               Caitlin Duffy
9                              **SQUITIERI & FEARON, LLP**
                               32 East 57th Street, 12th Floor
10                             New York, New York 10022
                               Telephone: (212) 421-6492
11                             Facsimile: (212) 421-6553
                               lee@sfclasslaw.com
12                             caitlin@sfclasslaw.com

13                             *Attorneys for Plaintiffs*

14   ☒    by causing personal delivery by process server, **Rapid Legal** of the document(s) listed
         above to the person(s) at the address(es) set forth below.
15
                               Corporation Service Company
16                             2730 Gateway Oaks Drive
                               Suite 100
17                             Sacramento, CA  95833

18                             *Authorized Agent for Home Depot U.S.A., Inc.*

19       I am readily familiar with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. Postal
20   Service on that same day with postage thereon fully prepaid in the ordinary course of
business. I am aware that on motion of the party served, service is presumed invalid if postal
21   cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

22       I declare under penalty of perjury under the laws of the State of California that the
above is true and correct. Executed on July 27, 2009, at Sacramento, California.
23

24                                              _____
                                                        Sheila M. Brown
25

26

27

28

                                        1
                               PROOF OF SERVICE

7/29/09

# EXHIBIT A

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 23 2009

John A. Clarke, Executive Officer/Clerk

By _____ Dept
RAUL SANCHEZ

1   Mark J. Tamblyn (State Bar No. 179272)
    Ian J. Barlow (State Bar No. 262213)
2   WEXLER WALLACE LLP
    455 Capitol Mall, Suite 231
3   Sacramento, California 95814
    Telephone: (916) 492-1100
4   Facsimile: (916) 492-1124
    mjt@wexlerwallace.com
5   ijb@wexlerwallace.com

6   Lee Squitieri
    Caitlin Duffy
7   SQUITIERI & FEARON, LLP
    32 East 57th Street, 12th Floor
8   New York, New York 10022
    Telephone: (212) 421-6492
9   Facsimile: (212) 421-6553
    lee@sfclasslaw.com
10  caitlin@sfclasslaw.com

11  Attorneys for *Plaintiffs*

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             IN AND FOR COUNTY OF LOS ANGELES

15  ARECELI MENDOZA and KYLE DIAMOND,     Case No. BC 417396   D.54
    individually and on behalf of themselves and all
16  others similarly situated,
                                          NOTICE OF ENTRY OF ORDER
17                 Plaintiffs,

18          vs.

19  HOME DEPOT, U.S.A., INC., a Delaware    **File by Fax**
    corporation; and DOES 1-50 inclusive,
20
21                 Defendant.

22

23  TO DEFENDANT HOME DEPOT:

24          NOTICE IS HEREBY GIVEN that on July 16, 2009, the Honorable Carl J. West entered

25  an order designating this action non-complex and reassigning it to the Honorable Judge Ernest

26  M. Hiroshige in Department 54 of the Los Angeles Superior Court, Stanley Mosk Courthouse,

27  for all further proceedings. A copy of the Order is attached hereto as Exhibit A.

28  //

                                          i
                              NOTICE OF ENTRY OF ORDER

EXH A

| | |
|---|---|
| 1 | Dated: July 23, 2009 |
| 2 | |
| 3 | |

**WEXLER WALLACE LLP**

Mark J. Tamblyn

Ian J. Barlow
455 Capitol Mall, Suite 231
Sacramento, CA 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124

Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

Attorneys for *Plaintiffs, individually and on behalf
of the proposed Class*

2

NOTICE OF ENTRY OF ORDER

**PROOF OF SERVICE**

1

2          I, Sheila M. Brown, declare:

3          I am a resident of the State of California and over the age of eighteen years, and not a
party to the within action; my business address is 455 Capitol Mall, Suite 231, Sacramento,
4   California 95814. On July 23, 2009, I served the following document(s):

5                    •     **NOTICE OF ENTRY OF ORDER**

6   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon
        fully prepaid, in the United States mail at Sacramento, California addressed as set forth
7       below.

8                              Lee Squitieri
                               Caitlin Duffy
9                              **SQUITIERI & FEARON, LLP**
                               32 East 57th Street, 12th Floor
10                             New York, New York 10022
                               Telephone: (212) 421-6492
11                             Facsimile: (212) 421-6553
                               lee@sfclasslaw.com
12                             caitlin@sfclasslaw.com

13                             *Attorneys for Plaintiffs*

14  ☒   by causing personal delivery by process server, **Rapid Legal** of the document(s) listed
        above to the person(s) at the address(es) set forth below.

15                             Corporation Service Company
                               2730 Gateway Oaks Drive
16                             Suite 100
                               Sacramento, CA  95833
17

18                             *Authorized Agent for Home Depot U.S.A., Inc.*

19         I am readily familiar with the firm's practice of collection and processing
    correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
20  Service on that same day with postage thereon fully prepaid in the ordinary course of
    business.  I am aware that on motion of the party served, service is presumed invalid if postal
21  cancellation date or postage meter date is more than one day after date of deposit for mailing
    in affidavit.

22         I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct.  Executed on July 23, 2009, at Sacramento, California.

23

24                                             _____
                                                Sheila M. Brown

25

26

27

28

                                        1



7/29/09

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER 916-492-1100 | FOR COURT USE ONLY |
|---|---|---|
| Wexler Wallace LLP 455 Capitol Mall Suite 231 Sacramento, CA 95814 ATTORNEY FOR   Plaintiff | Ref. No. or File No. 2222-000 | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES - UNLIMITED 111 N Hill St Los Angeles, CA 90012 | |
|---|---|

| SHORT TITLE OF CASE: Aroceli Mendoza vs Home Depot, U.S.A. | |
|---|---|

| INVOICE NO. 722992 | DATE: | TIME: | DEP./DIV. | CASE NUMBER: BC417396 |
|---|---|---|---|---|

**Proof of Service**

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:

Notice of Entry;

2. a.  Party Served: Home Depot, U.S.A., Inc., a Delaware corporation.

   b. Person Served: Home Depot, U.S.A., Inc., a Delaware corporation

   No Description Available

   c. Address:  2730 Gateway Oaks Drive 100
                 Sacramento, CA 95833

3. I served the party named in item 2
   a. By personally delivering the copies on: 7/24/2009   At: 02:40 PM

4. Person who served papers
   a. Name: Mike Vives
   b. Address: 14748 Pipeline Avenue, Suite B, Chino Hills, CA 91709
   c. Telephone number: 909-664-9565
   d. The fee for this service was: 59.50
   e. I am:
   (3) [X] a registered California process server.
       (i) [X] Employee
       (ii) Registration No.: 2006-51
       (iii) County: Sacramento

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7/24/2009

Mike Vives

Rapid Legal, Inc., San Bernardino Co. Reg. #1066, Expires 04-18-10

**Proof of Service**

EXH B

# EXHIBIT C

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 07 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1   LYNNE C. HERMLE (STATE BAR NO. 99779)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
2   1000 Marsh Road
    Menlo Park, CA 94025
3   Telephone:   650-614-7400
    Facsimile:   650-614-7401
4
    SARA E. DIONNE (STATE BAR NO. 221326)
5   ANDREA L. BROWN (STATE BAR NO. 237629)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
6   400 Capitol Mall, Suite 3000
    Sacramento, CA 94815
7   Telephone:   1-916-329-7922
    Facsimile:   1-916-329-4900
8
9   Attorneys for Defendant
    HOME DEPOT, U.S.A., INC.
10
11           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                IN AND FOR COUNTY OF LOS ANGELES
13
14   ARECELI MENDOZA and KYLE            CASE NO.  BC 417396
     DIAMOND, individually and on behalf of
15   themselves and all others similarly situated,,   ANSWER OF HOME DEPOT, U.S.A.,
                                          INC. TO PLAINTIFFS' COMPLAINT
16              Plaintiffs,
17         v.
18   HOME DEPOT, U.S.A., INC., a Delaware
     corporation, and DOES 1-50 inclusive,
19
20              Defendants.
21
22
23
24
25
26
27
28

1        For its answer to plaintiffs Areceli Mendoza and Kyle Diamond's (collectively

2   "Plaintiffs") unverified complaint (the "Complaint"), defendant Home Depot, U.S.A., Inc.

3   ("Home Depot") files this general denial pursuant to California Code of Civil Procedure section

4   431.30 (d), and hereby denies each and every allegation of the complaint.  Home Depot further

5   asserts the following defenses:

6                         **AFFIRMATIVE DEFENSES**

7        1.      As a separate defense to the Complaint and to each cause of action therein,

8   Home Depot alleges that the Complaint, and each purported cause of action therein, fails to state

9   a claim upon which relief may be granted.

10       2.      As a separate defense to the Complaint and to each cause of action therein,

11  Home Depot alleges that Plaintiffs and/or the putative class members consented to, approved

12  and/or ratified the actions complained of therein and are barred from asserting any claims upon

13  which Plaintiffs now seeks relief.

14       3.      As a separate defense to the Complaint and to each cause of action therein,

15  Home Depot alleges that Plaintiffs' claims are barred in whole or in part by the applicable statutes

16  of limitation, including, but not limited to, California Code of Civil Procedure § 338 and

17  California Business & Professions Code § 17208.

18       4.      As a separate defense to the Complaint and to each cause of action therein,

19  Home Depot alleges that any alleged conduct or omission by Home Depot was not the cause in

20  fact or proximate cause of any injury alleged by Plaintiffs.

21       5.      As a separate defense to the Complaint and to each cause of action therein,

22  Home Depot alleges that Plaintiffs and/or putative class members failed to perform their duties,

23  failed to perform those duties which Home Depot realistically expected each to perform, and/or

24  failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to

25  the extent that Plaintiffs and/or putative class members failed to use ordinary care and diligence in

26  the performance of their duties, failed to substantially comply with the reasonable directions of

27  their alleged employer, and failed to exercise a reasonable degree of skill in performing their job

28  duties.

6.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs' and/or putative class members' recovery in this action is barred by their failure to exercise reasonable care and diligence to mitigate their alleged damages. Alternatively, Home Depot alleges that any recovery by Plaintiffs and/or putative class members should be reduced by those damages that Plaintiffs and/or putative class members failed to mitigate.

7.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that any alleged action that Home Depot took with respect to Plaintiffs' and/or putative class members' employment was privileged and justified.

8.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that any action taken by Home Depot is protected by the doctrine of business necessity.

9.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs' action is barred because of the at-will nature of Plaintiffs' employment.

10.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that to the extent Plaintiffs allege that Home Depot has an obligation to which full performance has not been rendered or excused, the obligation is illusory, void and unenforceable.

11.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that to the extent Plaintiffs allege that Home Depot has an obligation to which full performance has not been rendered or excused, there has been a failure of consideration.

12.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that to the extent Plaintiffs allege that Home Depot has an obligation to which full performance has not been rendered or excused, not all conditions to said obligations occurred.

/ / /

- 3 -

13.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs and/or putative class members are precluded from recovering any amounts from Home Depot because Home Depot has paid Plaintiffs and/or putative class members all sums legally due under California law, as applicable, and/or Plaintiffs and/or putative class members have executed a compromise and release of any claims asserted in this lawsuit, and, accordingly, such claims are barred by the doctrines of compromise, settlement, waiver, accord, satisfaction, set off, and/or release.

14.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs and/or putative class members, by their acts or omissions, are estopped from asserting any claims upon which Plaintiffs now seek relief.

15.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs have unreasonably delayed bringing this action to the prejudice of Home Depot, and therefore Plaintiffs' Complaint and each cause of action therein is barred by the doctrine of laches.

16.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs and/or putative class members, by their acts and omissions, are barred by the doctrine of unclean hands and/or subsequently discovered evidence of misconduct from asserting any of the claims upon which Plaintiffs seek relief.

17.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs and putative class members are not entitled to equitable relief because Plaintiffs have failed to avail himself/herself of or exhaust plain, adequate, or complete remedies of laws available to Plaintiffs under the provisions of applicable state or federal law.

18.     As a separate defense to the Complaint and to each cause of action therein, due to adjudication or judgment of claims and/or issues previously asserted by certain putative class members, Plaintiffs and putative class members may be barred by the doctrine of res judicata and/or collateral estoppel from pursuing particular claims asserted in this action.

19.     As a separate defense to the Complaint and each cause of action therein, Plaintiffs cannot satisfy the requirements to maintain this action as a class action.

- 4 -

20.     As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that the Complaint is barred to the extent that Plaintiffs lack standing to raise some or all of the claims of the putative class.

21.     As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that the Complaint is barred because Plaintiffs and putative class members are properly classified as exempt from overtime requirements under California law.

22.     As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that if any damages have been sustained by Plaintiffs or putative class members, although such is not admitted and is generally denied, Home Depot is entitled in equity to offset all time Home Depot voluntarily paid for not worked by Plaintiffs and putative class members against any judgment entered against Home Depot.

23.     As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that California Business and Processions Code section 17200 is unconstitutionally vague as applied here in violation of Home Depot's rights of due process and equal protection under the United States Constitution and California Constitution.

24.     As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that because liability may not be determined by a single jury on a class wide basis, allowing this action to proceed as a class action would violate Home Depot's rights under the Seventh Amendment.

25.     As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that Plaintiffs are not appropriate class or group representatives.

26.     Home Depot has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available. Home Depot reserves the right to assert additional defenses in the event that discovery indicated that it would be appropriate.

WHEREFORE, Home Depot prays for relief as follows:

1.     That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

- 5 -

1              2.     That the purported classes not be certified;

2              3.     For Home Depot's cost of suit herein, including reasonable attorneys' fees;

3    and

4              4.     For such other and further relief as the Court deems just.

5

6    Dated: August 7, 2009                LYNNE C. HERMLE
                                      SARA E. DIONNE

7                                            ANDREA L. BROWN

8                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

9

10                                           LYNNE C. HERMLE
                                        Attorneys for Defendant

11                                           HOME DEPOT, U.S.A., INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

## PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action. My business address is Orrick, Herrington & Sutcliffe, LLP, 400 Capitol Mall, Suite 3000, Sacramento, California 95814-4497. On August 7, 2009, I served the following document(s):

- **ANSWER OF HOME DEPOT USA, INC. TO PLAINTIFFS'
  COMPLAINT**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Mark J. Tamblyn<br>Ian J. Barlow<br>Wexler Wallace LLP<br>455 Capitol Mall<br>Suite 231<br>Sacramento, CA 95814 | Attorneys for Plaintiffs |
| Lee Squitieri & Fearon, LLP<br>32 East 57th Street<br>12th Floor<br>New York, New York 10022 | Attorneys for Plaintiffs |

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2009, at Sacramento, California.

_Lorraine Carpenito_
Lorraine Carpenito

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV09- 5843 RSWL (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

ARECELI MENDOZA and KYLE DIAMOND, individually and on behalf of themselves and all others similarly situated,

**DEFENDANTS**

HOME DEPOT, U.S.A., INC., a Delaware corporation, and DOES 1-50 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Wexler Wallace, LLP, 455 Capitol Mall, Sacramento, CA 95814; Lee Squitieri & Fearon LLP 32 East 57th St, New York, NY 10022

**Attorneys** (If Known)

Orrick Herrington & Sutcliffe LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Removal under 28 U.S.C. Sect. 1332(d).   Alleged misclassification of employees as exempt.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☒ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____ **CV09-05843**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)         CIVIL COVER SHEET         Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of San Bernardino | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles<br>County of San Bernadino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  August 11, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08) | **CIVIL COVER SHEET** | Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com