1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  Orrick, Herrington & Sutcliffe LLP
   1000 Marsh Road
3  Menlo Park, CA 94025
   Telephone: +1-650-614-7400
4  Facsimile: +1-650-614-7401

5  SARA E. DIONNE (STATE BAR NO. 221326)
   sdionne@orrick.com
6  ANDREA L. BROWN (STATE BAR NO. 237629)
   abrown@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
8  Sacramento, CA 94815
   Telephone: 1-916-447-9200
9  Facsimile: 1-916-329-4900

10 Attorneys for Defendants

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA

13

14 ARECELI MENDOZA and KYLE          CASE NO. CV09-05843 RSWL (JCx)
   DIAMOND, individually and on behalf
15 of themselves and all others similarly   DEFENDANT HOME DEPOT,
   situated,,                               U.S.A., INC.'S REQUEST FOR
16                                          JUDICIAL NOTICE IN
17         Plaintiff,                       SUPPORT OF ITS NOTICE OF
                                            REMOVAL
18      v.

19 HOME DEPOT, U.S.A., INC., a
   Delaware corporation, and DOES 1-50
20 inclusive,

21      Defendants.

22
23
24
25
26
27
28

OHS West:260708707.1                    DEF.'S REQ. FOR JUDICIAL NOTICE ISO OPP'N TO
17146-2010                                 PLS.' MSJ ON BREACH OF LEGAL DUTY
                                            CASE NO. 06-CV-02376-LKK-GGH

1  Defendant Home Depot U.S.A., Inc. ("Home Depot") respectfully requests
2  that the Court take judicial notice of select pages of its Form 10-K filed with the
3  Securities and Exchange Commission ("SEC") on April 2, 2009, a true and correct
4  copy of such pages is attached hereto as Exhibit A.  This document is being
5  submitted in support of Home Depot's Notice of Removal pursuant to the Class
6  Action Fairness Act of 2005, codified in 28 U.S.C. § 1332(d).
7  Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice
8  of any fact that is not subject to reasonable dispute in that it is either: (1) generally
9  known within the territorial jurisdiction of the trial court or (2) capable of accurate
10 and ready determination by resort to sources whose accuracy cannot reasonably be
11 questioned.  Fed. R. Evid. 201(b); *see also United States v. Ritchie*, 342 F.3d 903,
12 909 (9th Cir. 2003) ("Facts are indisputable, and thus subject to judicial notice, only
13 if they are either 'generally known' . . . or 'capable of accurate and ready
14 determination by resort to sources whose accuracy cannot be reasonably questioned
15 . . . .'").  A court shall take judicial notice of a fact that is not subject to reasonable
16 dispute if requested by a party and supplied with the necessary information.  Fed.
17 R. Evid. 201(d).
18 Home Depot's Form 10-K as filed with the SEC is properly subject to
19 judicial notice as a record filed with a public agency and not subject to reasonable
20 dispute.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.* 540 F.3d 1049, 1064
21 (9th Cir. 2008) (SEC filings properly noticed by district court); *Dreiling v. Am.*
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

*Exp. Co.*, 458 F.3d 942, 946 n. 2 (9th Cir. 2006) (SEC filings subject to judicial notice).

Dated: August 11, 2009

LYNNE C. HERMLE
SARA E. DIONNE
ANDREA L. BROWN
Orrick, Herrington & Sutcliffe LLP

_____
LYNNE C. HERMLE
Attorneys for Defendant

# EXHIBIT A



# FORM 10-K

## HOME DEPOT INC - HD

**Filed: April 02, 2009 (period: February 01, 2009)**

Annual report which provides a comprehensive overview of the company for the past year

Table of Contents

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

# FORM 10-K

☒ ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the fiscal year ended February 1, 2009

OR

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

Commission File Number 1-8207

# THE HOME DEPOT, INC.
(Exact Name of Registrant as Specified in its Charter)

**DELAWARE**
(State or other jurisdiction of incorporation or organization)

**95-3261426**
(I.R.S. Employer Identification No.)

**2455 PACES FERRY ROAD, N.W., ATLANTA, GEORGIA 30339**
(Address of principal executive offices) (Zip Code)

Registrant's Telephone Number, Including Area Code: **(770) 433-8211**

SECURITIES REGISTERED PURSUANT TO SECTION 12(b) OF THE ACT:

| TITLE OF EACH CLASS | NAME OF EACH EXCHANGE ON WHICH REGISTERED |
|---|---|
| Common Stock, $0.05 Par Value Per Share | New York Stock Exchange |

SECURITIES REGISTERED PURSUANT TO SECTION 12(g) OF THE ACT: **None**

Indicate by check mark if the Registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒  No ☐

Indicate by check mark if the Registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐  No ☒

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒  No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer ☒     Accelerated filer ☐     Non-accelerated filer ☐     Smaller reporting company ☐
(Do not check if a smaller reporting company)

Indicate by check mark whether the Registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐  No ☒

The aggregate market value of the common stock of the Registrant held by non-affiliates of the Registrant on August 3, 2008 was $39.7 billion.

The number of shares outstanding of the Registrant's common stock as of March 23, 2009 was 1,696,279,008 shares.

**DOCUMENTS INCORPORATED BY REFERENCE**

# CAUTIONARY STATEMENT PURSUANT TO THE
# PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995

Certain statements regarding our future performance constitute "forward-looking statements" as defined in the Private Securities Litigation Reform Act of 1995. Forward-looking statements may relate to, among other things, the demand for our products and services, net sales growth, comparable store sales, impact of cannibalization, store openings and closures, state of the economy, state of the residential construction, housing and home improvement markets, commodity price inflation and deflation, implementation of store initiatives, continuation of reinvestment plans, net earnings performance, earnings per share, stock-based compensation expense, capital allocation and expenditures, liquidity, the effect of adopting certain accounting standards, return on invested capital, management of our purchasing or customer credit policies, the effect of charges, the planned recapitalization of the Company, timing of the completion of such recapitalization and the ability to issue debt securities on terms and at rates acceptable to us.

Forward-looking statements are based on currently available information and our current assumptions, expectations and projections about future events. You are cautioned not to place undue reliance on our forward-looking statements. Such statements are not guarantees of future performance and are subject to future events, risks and uncertainties — many of which are beyond our control or are currently unknown to us — as well as potentially inaccurate assumptions that could cause actual results to differ materially from our expectations and projections. Such risks and uncertainties include, but are not limited to, those described in Item 1A, "Risk Factors."

Forward-looking statements speak only as of the date they are made, and we do not undertake to update such statements other than as required by law. You are advised, however, to review any further disclosures we make on related subjects in our periodic filings with the Securities and Exchange Commission ("SEC").

# PART I

**Item 1.  Business.**

## Introduction

The Home Depot, Inc. is the world's largest home improvement retailer based on Net Sales for the fiscal year ended February 1, 2009 ("fiscal 2008"). The Home Depot stores sell a wide assortment of building materials, home improvement and lawn and garden products and provide a number of services. The Home Depot stores average approximately 105,000 square feet of enclosed space, with approximately 24,000 additional square feet of outside garden area. As of the end of fiscal 2008, we had 2,233 The Home Depot stores located throughout the United States including the Commonwealth of Puerto Rico and the territories of the U.S. Virgin Islands and Guam ("U.S."), Canada, China and Mexico. In addition, at the end of fiscal 2008, the Company operated 34 EXPO Design Center stores, two THD Design Center stores and five Yardbirds stores. On January 26, 2009, we announced the planned closing of our EXPO, THD Design Center and Yardbirds stores as part of our focus on our core business.

The Home Depot, Inc. is a Delaware corporation that was incorporated in 1978. Our Store Support Center (corporate office) is located at 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339. Our telephone number is (770) 433-8211.

We maintain an Internet website at www.homedepot.com. We make available on our website, free of charge, our Annual Reports to shareholders, Annual Reports on Form 10-K, Quarterly Reports on Form 10-Q, Current Reports on Form 8-K, Proxy Statements and Forms 3, 4 and 5 as soon as reasonably practicable after filing such documents with, or furnishing such documents to, the SEC.

We include our website addresses throughout this filing only as textual references. The information contained on our websites is not incorporated by reference into this report.

1