1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  Orrick, Herrington & Sutcliffe LLP
   1000 Marsh Road
3  Menlo Park, CA  94025
   Telephone:  +1-650-614-7400
4  Facsimile:  +1-650-614-7401

5  ANDREA L. BROWN (STATE BAR NO. 237629)
   abrown@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
7  Sacramento, CA 94815
   Telephone:  1-916-447-9200
8  Facsimile:   1-916-329-4900

9  Attorneys for Defendants

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  ARECELI MENDOZA and KYLE          CASE NO.  CV-09-05843 SJO
14  DIAMOND, individually and on behalf   (JCx)
    of themselves and all others similarly
15  situated,,                         **AMENDED NOTICE OF
                                       REMOVAL**
16            Plaintiff,

17       v.

18  HOME DEPOT, U.S.A., INC., a
    Delaware corporation, and DOES 1-50
19  inclusive,

20            Defendants.

21

22  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
    DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL
23  OF RECORD:

24       PLEASE TAKE NOTICE that Defendant Home Depot, U.S.A., Inc. ("Home

25  Depot") files this Amended Notice of Removal pursuant to 28 U.S.C. §§ 1332(d),

26  1441, and 1453 to effect the removal of the above-captioned action, which was

27  commenced in the Superior Court of the State of California in and for the County of

28

OHS West:260715541.2

Los Angeles, and states that the removal is proper for the reasons stated below.

**PROCEEDINGS TO DATE**

1.      On July 8, 2009, a civil action was commenced in the Superior Court of the State of California for the County of Los Angeles entitled "Areceli Mendoza and Kyle Diamond, individually and on behalf of themselves and all others similarly situated vs. Home Depot, U.S.A., Inc. a Delaware corporation; and Does 1-40 inclusive," No. BC417396 (the "Action").  A true and correct copy of the Complaint and the Summons and other papers issued with the Complaint are attached to this notice as Exhibit A.  The allegations in the Complaint are incorporated by reference in this notice without necessarily admitting any of them.

2.      The Complaint, which alleges causes of action based upon the Plaintiffs' employment relationship with Home Depot, purports to bring four class-wide claims for relief against Home Depot on behalf of two separate proposed classes.  The Complaint alleges class-wide causes of action for California Labor Code violations and under the unfair business practices statutes of California Business and Professions Code section 17200 *et seq.*, and seeks relief in the form of allegedly unpaid wages under the Labor Code, declaratory and injunctive relief, as well as statutory attorneys' fees, costs and interest.

3.      On July 13, 2009 Home Depot was served with a copy of the Complaint and the other papers that are attached as Exhibit A.

4.      On July 16, 2009, the Court issued a Minute Order designating this action non-complex and reassigning it to the Honorable Judge Ernest M. Hiroshige. On July 27, 2009, Plaintiffs served on Home Depot the Court's July 16, 2009 Minute Order.  A true and correct copy of the Court's Minute Order is attached to this notice as Exhibit B.

5.      On August 7, 2009, Home Depot filed an Answer to the Compliant with the Superior Court of the State of California for the County of Los Angeles. The Answer was served on Plaintiffs on the same date.  A true and correct copy of

1    the Answer and the proof of service is attached hereto as Exhibit C.

2        6.    On August 11, 2009, Home Depot filed its Notice of Removal.

3    Therefore, Home Depot's Notice of Removal was timely filed within 30 days of

4    service pursuant to 28 U.S.C. § 1446(b).

5        7.    On August 13, 2009, the Action was assigned to Judge S. James Otero.

6    Accordingly, this Amended Notice of Removal is timely filed within 15 days of

7    assignment pursuant to paragraph 13 of the Court's Initial Standing Order.

8        8.    Home Depot is informed and believes and on that basis alleges that

9    there is no other named defendant and that no other defendant, whether named or

10   not, has been served with or otherwise received the Complaint in this action.

11                      **CLASS ACTION FAIRNESS ACT**

12        1.    Home Depot removes this action based upon the Class Action Fairness

13   Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d).  This Court has original

14   jurisdiction of this action under § 1332(d)(2).  As set forth below, this action is

15   removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least

16   one class member is a citizen of a state different from that of any one defendant, the

17   proposed class exceeds 100 members, and the amount in controversy exceeds

18   $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).  Further, no

19   defendant identified in the Complaint is a state, officers of a state or a governmental

20   agency.  28 U.S.C. § 1332(d)(5).

21                    **Diverse Citizenship of the Parties**

22        9.    **Plaintiffs' Citizenship**.  Plaintiffs, as they allege, are residents of the

23   State of California.  Complaint ¶¶ 2-3.  For diversity purposes, a person is a

24   "citizen" of the state in which he is domiciled.  *See Kantor v. Wellesly Galleries,*

25   *Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of

26   domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir.

27   1994).  Accordingly, Home Depot alleges that Plaintiffs are citizens of California.

28        10.    **Citizenship of Proposed Class Members**.  Plaintiffs allege that the

proposed class consists only of persons currently or formerly employed by Home Depot within the State of California. Complaint, p. 2 ln. 2-4. On that basis, Home Depot alleges that at least two-thirds of the persons who make up the proposed class are citizens of the State of California.

11. **Home Depot's Citizenship**. For diversity purposes, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As discussed below, Home Depot is not a citizen of the State of California for diversity purposes. *See Industrial Tectonics, inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing where corporation does business in number of states and does not conduct substantial predominance of its business in any single one, state where corporate headquarters is located is corporation's principal place of business).

12. Courts generally use one of two tests to determine where a corporation has its principal place of business. *See Tosco Corp. v. Communities for a Better Env't.*, 236 F.3d 495, 500 (9th Cir. 2001); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994). The "substantial predominance" test determines whether there is a state within which a substantial predominance of the activities of the corporation take place. *See Tosco Corp.*, 236 F.3d at 500; *Breitman*, 37 F.3d at 564. In order to substantially predominate, a corporation's activity in one state must be "substantially larger" than its activities in any other state. *See Tosco Corp.*, 236 F.3d at 500. The "nerve center" test is the appropriate test to use where a corporation has operations in many states, and no one state contains a substantial predominance of the corporation's activities. *See id.* When a corporation is spread across many states, "it is much less likely operations in any one state will 'substantially' predominate over operations in other states." *See Davis v. HSBC Bank Nevada, N.A., et al.*, 557 F.3d 1026, 1029 (9th Cir. 2009).

13. At all relevant times for this removal, Home Depot was not a citizen of

California.  As a Delaware Corporation with its principal place of business in Georgia, Home Depot is deemed a citizen of Delaware and/or Georgia.

        a.     Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia, where it maintains its executive offices.  *See* Declaration of Cynthia Lanza In Support Of Amended Notice of Removal ("Lanza Removal Decl."), ¶ 6; Home Depot's Form 10-K filed with the Securities and Exchange Commission on April 2, 2009.  (Ex. A to Home Depot's Request for Judicial Notice in Support of Home Depot's Amended Notice of Removal).

        b.     Home Depot's corporate headquarters are in Atlanta, Georgia.  Lanza Removal Decl. at ¶ 6; Home Depot's Form 10-K filed with the Securities and Exchange Commission on April 2, 2009.  (Ex. A to Home Depot's Request for Judicial Notice in Support of Home Depot's Amended Notice of Removal).

        c.     Home Depot's corporate decisions are made in Atlanta, Georgia, including its all company-wide decisions and policies.  Lanza Removal Decl. ¶ 6.

        d.     Virtually all of the members of Home Depot's upper management have their offices in Georgia.  *Id.*

        e.     The administrative functions crucial to Home Depot's day-to-day operations are conducted in Atlanta, Georgia.  Specifically, Home Depot's finance, accounting, treasury, marketing, training, human resources, information systems, internal audit, and legal functions are all centralized in its Atlanta headquarters.  *Id.*

        f.     Virtually all of Home Depot's purchasing decisions are made from its corporate headquarters in Atlanta, Georgia.  *Id.*

        h.     A substantial predominance of Home Depot's tangible property is located outside of California.  Declaration of Michael J. Thompson In Support Of Amended Notice of Removal ("Thompson Removal Decl."), ¶ 3; *see also* Supplemental Declaration of Michael J. Thompson In Support Of Amended Notice of Removal ("Supp. Thompson Removal Decl."), ¶ 3 (vast majority of tangible

1   property not located in California).

2              i.      Home Depot does business in all fifty of the United States, as

3   well as the District of Columbia, Guam, the U.S. Virgin Islands, Puerto Rico, and

4   abroad.  *See* Lanza Removal Decl., ¶ 3.  A substantial predominance of Home

5   Depot's stores are located outside of California.  *Id.* (only 10.4 percent of total

6   Home Depot stores located in State of California).

7              j.      A substantial predominance of Home Depot's employees are

8   employed outside of California.  *Id.*, ¶ 4 (only 11.4 percent of total Home Depot

9   workforce employed in State of California).

10             k.      A substantial predominance of Home Depot's sales are derived

11  from outside of California.  Declaration of David Richa In Support of Home Depot

12  Amended Notice of Removal ("Richa Removal Decl."), ¶¶ 2, 4; *see also*

13  Supplemental Declaration of David Richa In Support of Home Depot Amended

14  Notice of Removal ("Supp. Richa Removal Decl."), ¶¶ 4, 5.

15             l.      A substantial predominance of Home Depot's income is derived

16  from outside of California.  Richa Removal Decl., ¶¶ 2-3; Supp. Richa Removal

17  Decl., ¶¶ 3, 5.

18             m.     By virtue of the foregoing facts, Georgia qualifies as Home

19  Depot's principal place of business under either test.  *Cf. Davis*, 557 F.3d at 1029

20  (holding operations of nationwide retailer Best Buy did not substantially

21  predominate in California despite having 15 percent more stores, 40 percent more

22  employees, and 46 percent more sales in California).

23       14.    **Doe Defendants**.  Pursuant to 28 U.S.C. § 1441(a), the citizenship of

24  fictitious defendants is disregarded for purposes of establishing removal jurisdiction

25  under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor*

26  *Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

27       15.    **Size of Class**.  The Complaint defines the two proposed classes as:

28             All  current  or  former  [Assistant  Store  Managers]

employed by Home Depot who were improperly classified as "exempt" employees and deprived of wages by Defendant's failure to pay time-and-a-half for all hours worked in excess of eight (8) hours per day and forty (40) hours per week (the "Class").

All current and former [Assistant Store Managers] employed by Home Depot who were improperly classified as "exempt" employees and deprived of wages by Defendant's failure to pay time-and-a-half for all hours worked in excess of eight (8) hours per day and forty (40) hours per work week during the ASM's training period for the ASM position (the "Training Class").

Home Depot asserts that there are more than 100 individuals who qualify as current or former Assistant Store Managers of Home Depot during the four-year period alleged. The Complaint alleges that there are "hundreds if not thousands" of potential class members. Complaint ¶ 27.

## Amount in Controversy

16. The alleged amount in controversy in this class action exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. The Complaint seeks payment of overtime wages that allegedly are owed to current and former Assistant Store Managers over the past four years. The Complaint alleges that the proposed members the Class were required to work "at least fifty-five (55) hours per week, based on a five (5) day per week and eleven (11) hour per day schedule." *Id.* ¶ 9. The Complaint further alleges that Home Depot operates over 170 stores in the State of California. *Id.* ¶ 4. Even assuming, *arguendo*, that there is only one Assistant Store Manager position per store for the past four year period alleged in the Complaint, and that putative class members were paid a rate equal to the former minimum wage rate of $6.75 per hour,[1] the alleged unpaid overtime compensation

---

[1] The California minimum wage rate changed to $7.50/hr. on January 1, 2007. It changed again to $8.00/hr. on January 1, 2008.

would exceed $5 million (*i.e.*, 170 positions, multiplied by four years or 208 weeks, multiplied by an hourly wage of $6.75, multiplied by fifteen hours of time-and-a-half per week).

17.    The Court should also include requests for attorneys' fees in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Coupled with the requests for damages, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## Other Similar Cases Filed Within Past 3 Years

18.    Within the 3 years preceding the filing of the instant action, there has been one other class action filed asserting the same or similar factual allegations against Home Depot.

(a)    *Edward Novak v. Home Depott U.S.A., Inc.*, U.S. District Court, District of New Jersey, Case No. 3:06-cv-04841. On August 17, 2006, this proposed class action lawsuit was filed against Home Depot. As alleged in the complaint in the *Novak* matter, the claims there include class-wide claims of violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, as well as New Jersey common law claims.

(b)    *Gary Ottaviano, Cruz Plaza and Jenny Macias v. Home Depot U.S.A., Inc.*, U.S. District Court, Northern District of Illinois, Case No. 1:09-cv-05125. On July 17, 2009, this proposed class action lawsuit was filed against Home Depot in the Circuit Court of Cook County, Illinois, County Department – Chancery Division. On August 20, 2009, Home Depot removed the matter to the U.S. District Court, Northern District of Illinois. As alleged in the complaint in the *Ottaviano* matter, the claims there include class-wide claims of violations of the Illinois Minimum Wage Law, 820 ILS 105/1, *et seq.*

## No Bases for Declining Jurisdiction

19.    There are no bases for this Court to reject or decline jurisdiction as set out in 28 U.S.C. § 1332(d). Further, as set out above, no named defendant is a

1 citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable.

2 ## VENUE

3    20.    Venue lies in the Central District of California pursuant to 28 U.S.C.

4 §§ 1441, 1446(a), and 84(c)(2).  This action was originally brought in the Superior

5 Court of the State of California, County of Los Angeles, which is embraced by

6 Central District of California, Western Division.

7 ## AMENDED NOTICE OF REMOVAL

8    21.    This Amended Notice of Removal will be promptly served on

9 Plaintiffs and filed with the Clerk of the Superior Court of the State of California,

10 County of Los Angeles.

11    22.    In compliance with 28 U.S.C. §§ 1446(a), attached are copies of the

12 state court papers served herein — the Complaint and Summons (Exhibit A); July

13 16, 2009 Court Order (Exhibit B) and Home Depot's Answer (Exhibit C).

14    WHEREFORE, Home Depot prays that this civil action be removed from the

15 Superior Court of the State of California, County of Los Angeles to the United

16 States District Court for the Central District of California, Western Division.

17

18 Dated:    August 28, 2009       LYNNE C. HERMLE
19                                ANDREA L. BROWN
                                  Orrick, Herrington & Sutcliffe LLP
20

21

22                                LYNNE C. HERMLE
                                  Attorneys for Defendants
23

24

25

26

27

28

# EXHIBIT A

LYNNE C. HERMLE (STATE BAR NO. 99779)
lchermle@orrick.com
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone: +1-650-614-7400
Facsimile: +1-650-614-7401

SARA E. DIONNE (STATE BAR NO. 221326)
sdionne@orrick.com
ANDREA L. BROWN (STATE BAR NO. 237629)
abrown@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 94815
Telephone: 1-916-447-9200
Facsimile: 1-916-329-4900

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV09-05843 RSWL (JCx)

| ARECELI MENDOZA and KYLE DIAMOND, individually and on behalf of themselves and all others similarly situated,, | CASE NO. |
| | **NOTICE OF REMOVAL** |
| Plaintiff, | |
| v. | |
| HOME DEPOT, U.S.A., INC., a Delaware corporation, and DOES 1-50 inclusive, | |
| Defendants. | |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL
OF RECORD:

PLEASE TAKE NOTICE that Defendant Home Depot, U.S.A., Inc. ("Home

Depot") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1441, and

1453 to effect the removal of the above-captioned action, which was commenced in

OHS West:260705201.1

the Superior Court of the State of California in and for the County of Los Angeles,

and states that the removal is proper for the reasons stated below.

## PROCEEDINGS TO DATE

1. On July 8, 2009, a civil action was commenced in the Superior Court of the State of California for the County of Los Angeles entitled "Areceli Mendoza and Kyle Diamond, individually and on behalf of themselves and all others similarly situated vs. Home Depot, U.S.A., Inc. a Delaware corporation; and Does 1-40 inclusive," No. BC417396. A true and correct copy of the Complaint and the Summons and other papers issued with the Complaint are attached to this notice as Exhibit A. The allegations in the Complaint are incorporated by reference in this notice without necessarily admitting any of them.

2. The Complaint, which alleges causes of action based upon the Plaintiffs' employment relationship with Home Depot, purports to bring four class-wide claims for relief against Home Depot on behalf of two separate proposed classes. The Complaint alleges class-wide causes of action for California Labor Code violations and under the unfair business practices statutes of California Business and Professions Code section 17200 *et seq.*, and seeks relief in the form of allegedly unpaid wages under the Labor Code, declaratory and injunctive relief, as well as statutory attorneys' fees, costs and interest.

3. On July 13, 2009 Home Depot was served with a copy of the Complaint and the other papers that are attached as Exhibit A. Therefore, this notice of removal is timely filed within 30 days of service pursuant to 28 U.S.C. § 1446(b).

4. On July 16, 2009, the Court issued a Minute Order designating this action non-complex and reassigning it to the Honorable Judge Ernest M. Hiroshige. On July 27, 2009, Plaintiffs served on Home Depot the Court's July 16, 2009 Minute Order. A true and correct copy of the Court's Minute Order is attached to this notice as Exhibit B.

5.    On August 7, 2009, Home Depot filed an Answer to the Compliant with the Superior Court of the State of California for the County of Los Angeles. The Answer was served on Plaintiffs on the same date. A true and correct copy of the Answer and the proof of service is attached hereto as Exhibit C.

6.    Home Depot is informed and believes and on that basis alleges that there is no other named defendant and that no other defendant, whether named or not, has been served with or otherwise received the Complaint in this action.

## CLASS ACTION FAIRNESS ACT

1.    Home Depot removes this action based upon the Class Action Fairness Act of 2005 ("CAFA"), codified in 28 U.S.C. § 1332(d). This Court has original jurisdiction of this action under § 1332(d)(2). As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) as it is a class action in which at least one class member is a citizen of a state different from that of any one defendant, the proposed class exceeds 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Further, no defendant identified in the Complaint is a state, officers of a state or a governmental agency. 28 U.S.C. § 1332(d)(5).

### Diverse Citizenship of the Parties

7.    **Plaintiffs' Citizenship**. Plaintiffs, as they allege, are residents of the State of California. Complaint ¶¶ 2-3. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *See Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994). Accordingly, Home Depot alleges that Plaintiffs are citizens of California.

8.    **Citizenship of Proposed Class Members**. Plaintiffs allege that the proposed class consists only of persons currently or formerly employed by Home Depot within the State of California. Complaint, p. 2 ln. 2-4. On that basis, Home Depot alleges that at least two-thirds of the persons who make up the proposed

1    class are citizens of the State of California.

2    **Home Depot's Citizenship.**  For diversity purposes, a corporation

3    "shall be deemed to be a citizen of any State by which it has been incorporated and

4    of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

5    As discussed below, Home Depot is not a citizen of the State of California for

6    diversity purposes. *See Industrial Tectonics, inc. v. Aero Alloy*, 912 F.2d 1090,

7    1093 (9th Cir. 1990) (providing that where a corporation does business in a number

8    of states and does not conduct the substantial predominance of its business in any

9    single one, the state where corporate headquarters is located is the corporation's

10   principal place of business).  Home Depot does business in every state, is

11   incorporated under the laws of the State of Delaware and its principal place of

12   business is in the State of Georgia, where it is headquartered. *See* Home Depot's

13   Form 10-K filed with the Securities and Exchange Commission on April 2, 2009.

14   (Ex. A to Home Depot's Request for Judicial Notice in Support of Home Depot's

15   Notice of Removal, filed herewith); *see also Anaya v. Home Depot, U.S.A., Inc.,*

16   United States District Court, Central District of California, Case No. 8:09-cv-

17   00131-DOC-AN (filed February 4, 2009); *Arellano v. Home Depot U.S.A., Inc.,*

18   245 F.Supp.2d 1102, 1108 (S.D.Cal. 2003) (Home Depot is a citizen of Delaware

19   and Georgia, and complete diversity of citizenship exists between it and plaintiff, a

20   California citizen.)

21       9.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the citizenship of

22   fictitious defendants is disregarded for purposes of establishing removal jurisdiction

23   under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor*

24   *Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493 U.S. 1076 (1990).

25       10.    **Size of Class.**  The Complaint defines the two proposed classes as:

26       All current or former [Assistant Store Managers]
         employed by Home Depot who were improperly
27       classified as "exempt" employees and deprived of wages
         by Defendant's failure to pay time-and-a-half for all
28

1  hours worked in excess of eight (8) hours per day and
2  forty (40) hours per week (the "Class").

3  All current and former [Assistant Store Managers]
4  employed by Home Depot who were improperly
   classified as "exempt" employees and deprived of wages
5  by Defendant's failure to pay time-and-a-half for all
6  hours worked in excess of eight (8) hours per day and
   forty (40) hours per work week during the ASM's
7  training period for the ASM position (the "Training
8  Class").

9      Home Depot asserts that there are more than 100 individuals who qualify as

10 current or former Assistant Store Managers of Home Depot during the four-year

11 period alleged.  The Complaint alleges that there are "hundreds if not thousands" of

12 potential class members.  Complaint ¶ 27.

13 **Amount in Controversy**

14     11.    The alleged amount in controversy in this class action exceeds, in the

15 aggregate, $5,000,000, exclusive of interest and costs.  The Complaint seeks

16 payment of overtime wages that allegedly are owed to current and former Assistant

17 Store Managers over the past four years.  The Complaint alleges that the proposed

18 members the Class were required to work "at least fifty-five (55) hours per week,

19 based on a five (5) day per week and eleven (11) hour per day schedule." *Id.* ¶ 9.

20 The Complaint further alleges that Home Depot operates over 170 stores in the

21 State of California.  *Id.* ¶ 4.  Even assuming, *arguendo*, that there is only one

22 Assistant Store Manager position per store for the past four year period alleged in

23 the Complaint, and that putative class members were paid a rate equal to the former

24 minimum wage rate of $6.75 per hour,[1] the alleged unpaid overtime compensation

25 would exceed $5 million (*i.e.*, 170 positions, multiplied by four years or 208 weeks,

26 multiplied by an hourly wage of $6.75, multiplied by fifteen hours of time-and-a-

27

28 _____
[1] The California minimum wage rate changed to $7.50/hr. on January 1, 2007.  It changed again to $8.00/hr. on January 1, 2008.

1    half per week).

2        12.    The Court should also include requests for attorneys' fees in

3    determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d

4    1150, 1156 (9th Cir. 1998). Coupled with the requests for damages, the amount in

5    controversy exceeds $5,000,000, exclusive of interest and costs.

**Other Similar Cases Filed Within Past 3 Years**

7        13.    Within the 3 years preceding the filing of the instant action, there has

8    been one other class action filed asserting the same or similar factual allegations

9    against Home Depot.

10        (a)    *Edward Novak v. Home Depot*, U.S. District Court, District of New

11    Jersey, Case No. 3:06-cv-04841. On August 17, 2006, this proposed class action

12    lawsuit was filed against defendant Home Depot. As alleged in the complaint in the

13    *Novak* matter, the claims there include class-wide claims of violations of the New

14    Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, as well as New Jersey

15    common law claims.

**No Bases for Declining Jurisdiction**

17        14.    There are no bases for this Court to reject or decline jurisdiction as set

18    out in 28 U.S.C. § 1332(d). Further, as set out above, no named defendant is a

19    citizen of California; thus 28 U.S.C. §§ 1332(d)(3) and (4)(A)(i)(I) are inapplicable.

**<u>VENUE</u>**

21        15.    Venue lies in the Central District of California pursuant to 28 U.S.C.

22    §§ 1441, 1446(a), and 84(c)(2). This action was originally brought in the Superior

23    Court of the State of California, County of Los Angeles, which is embraced by

24    Central District of California, Western Division.

**<u>NOTICE OF REMOVAL</u>**

26        16.    This Notice of Removal will be promptly served on Plaintiffs and filed

27    with the Clerk of the Superior Court of the State of California, County of Los

28    Angeles.

1    17.    In compliance with 28 U.S.C. §§ 1446(a), attached are copies of the

2   state court papers served herein — the Complaint and Summons (Exhibit A); July

3   16, 2009 Court Order (Exhibit B) and Home Depot's Answer (Exhibit C).

4        WHEREFORE, Home Depot prays that this civil action be removed from the

5   Superior Court of the State of California, County of Los Angeles to the United

6   States District Court for the Central District of California, Western Division.

7

8   Dated:        August 11, 2009        LYNNE C. HERMLE
                                         SARA E. DIONNE
9                                        ANDREA L. BROWN
                                         Orrick, Herrington & Sutcliffe LLP
10

11

12                                       _____
                                              LYNNE C. HERMLE
13                                            Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260705201.1        - 7 -        NOTICE OF REMOVAL

# EXHIBIT A

1  Mark J. Tamblyn (State Bar No. 179272)
   Ian J. Barlow (State Bar No. 262213)
2  **WEXLER WALLACE LLP**
   455 Capitol Mall, Suite 231
3  Sacramento, California 95814
   Telephone: (916) 492-1100
4  Facsimile: (916) 492-1124
   mjt@wexlerwallace.com
5  ijb@wexlerwallace.com

6  Lee Squitieri
   Caitlin Duffy
7  **SQUITIERI & FEARON, LLP**
   32 East 57th Street, 12th Floor
8  New York, New York 10022
   Telephone: (212) 421-6492
9  Facsimile: (212) 421-6553
   lee@sfclasslaw.com
10 caitlin@sfclasslaw.com

11 Attorneys for *Plaintiffs*

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14             IN AND FOR COUNTY OF LOS ANGELES

15 ARECELI MENDOZA and KYLE DIAMOND,        Case No. _____
   individually and on behalf of themselves and all
16 others similarly situated,

17                              **CLASS ACTION COMPLAINT FOR**
                                **DAMAGES AND INJUNCTIVE**
18          Plaintiffs,          **RELIEF**

19     vs.

20 HOME DEPOT, U.S.A., INC., a Delaware       **JURY TRIAL DEMANDED**
   corporation; and DOES 1-50 inclusive,
21

22          Defendant.

23

24

25

26

27

28

                              1

**FILED**
LOS ANGELES SUPERIOR COUR.

JUL 8 2009

JOHN A CLARKE, CLERK
BY MARY GARCIA, DEPUTY

BC 417396

**BY FAX**

1      Areceli Mendoza and Kyle Diamond (collectively, "Plaintiffs"), individually and on

2  behalf of all others similarly situated, bring this class action on behalf of hundreds of current and

3  former Assistant Store Managers of California Home Depot stores who were not paid overtime

4  wages during the four years preceding the filing of this Class Action Complaint ("Complaint").

5  This Complaint is brought against Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant")

6  and, upon information and belief, alleges as follows:

7                        **NATURE OF CASE**

8        1.    Plaintiffs and all other similarly situated current and former Assistant Store

9  Managers ("ASMs") of Home Depot, under California Industrial Welfare Commission (IWC)

10  Wage Order No. 4 and California Labor Code sections 510 and 1194 ("California Labor laws")

11  are entitled to be paid for all hours spent working and to receive overtime pay for all hours

12  worked over forty (40) hours per work week.  Plaintiffs allege that Home Depot has engaged in a

13  statewide pattern and practice of deliberately misclassifying Plaintiffs and other members of the

14  Classes as "exempt" employees for purposes of state overtime laws.  Home Depot misclassified

15  employees to save millions of dollars in employee compensation by requiring Plaintiffs and

16  members of the Classes to work in excess of forty (40) hours per work week without paying

17  time-and-a-half for all hours worked in excess of forty (40) hours.  The ASM position does not

18  qualify as an exempt position:  (1) during the time when ASMs were training before becoming

19  "working ASMs" and because (2) the ASM position does not meet the salary basis test due to

20  Home Depot's policy of terminating ASMs if the ASM exercises his or her discretion on a

21  regular basis to work less than the eleven (11) hour per day minimum shift for which the ASM

22  has been scheduled.

23                        **PARTIES**

24        2.    Plaintiff Areceli Mendoza is a former employee of Defendant Home Depot, who

25  resides in Wilmington, California in the County of Los Angeles.  Within the applicable period of

26  limitations prior to the commencement of this action, Mendoza was employed by Defendant in

27  the position of ASM and was unlawfully deprived of wages due and owing to her by Defendant.

28        3.    Plaintiff Kyle Diamond is a former employee of Defendant Home Depot, who

2

1  resides in Redlands, California in the County of San Bernardino.  Within the applicable period of

2  limitations prior to the commencement of this action, Mendoza was employed by Defendant in

3  the position of ASM and was unlawfully deprived of wages due and owing to him by Defendant.

4         4.     Defendant Home Depot is a Delaware corporation with its principal executive

5  offices located at 2455 Pace Ferry Road, N.W., Atlanta, Georgia.  Home Depot owns and

6  operates over 170 stores in the State of California.

7         5.     Plaintiffs allege, based on information and belief, that at all relevant times Does

8  One through Fifty were agents, employee, representatives, partners, and related or affiliated

9  entities of Defendant.  Plaintiffs do not know the true names and capacities of Defendants Does

10  One through Fifty, and Plaintiffs will seek leave to amend this Complaint to allege such names

11  and capacities as soon as they are ascertained.

12                    **JURISDICTION AND VENUE**

13         6.     The jurisdiction of this Court arises under California Code of Civil Procedure

14  section 410.10.  Defendant systematically and continuously does business in Los Angeles

15  County and Plaintiffs are residents of the State of California.  Plaintiffs do not assert any claim

16  under the laws of the United States of America.

17         7.     Venue is proper in this Court pursuant to California Code of Civil Procedure

18  sections 395 and 395.5 because a substantial part of the events or omissions giving rise to the

19  claims occurred in Los Angeles County.  At all relevant times, Defendant failed to pay overtime

20  wages to Assistant Store Managers employed in this County in violation of state laws.

21                    **FACTUAL ALLEGATIONS**

22         8.     Plaintiffs were employed by Defendant as Assistant Store Managers ("ASMs") at

23  various Home Depot stores throughout California including the Torrance store (store # 618),

24  Gardena store (store # 611), Chino store (store # 6876) and Mira Loma store (store # 1084).

25         9.     During the employment period, Plaintiffs and members of the Class were required

26  to work at least fifty-five (55) hours per week, based on a five (5) day per week and eleven (11)

27  hour per day schedule, as a matter of Home Depot's stated policy and as provided in the ASM

28  job description.  Despite being scheduled and required to work a minimum of fifty-five (55)

                         3

                 CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   hours per week, Plaintiffs and members of the Class were not compensated at time-and-a-half for

2   hours worked in excess of eight (8) hours per day and forty (40) hours per week.

3         10.    Plaintiffs and members of the Class were identified as "exempt" employees by

4   Defendant for purposes of California labor laws and paid a salary. However, Home Depot had a

5   policy of terminating ASMs if the ASM exercises his or her discretion on a regular basis to not

6   complete each eleven (11) hour minimum shift for which the ASM was scheduled.  Home Depot

7   also had a policy of reducing an ASM's salary by termination if he or she exercised his or her

8   discretion on a regular basis to not complete each eleven (11) hour minimum shift for which the

9   ASM was scheduled.

10         11.    Applicable state law provides that an employee is considered to be paid on a

11   "salary basis" and exempt from overtime where an employee's compensation is not subject to

12   reduction due to variations in the quality or quantity of work performed.  As a result, Home

13   Depot's policy of terminating ASMs and reducing salaries of ASMs who regularly exercise their

14   discretion to not complete each scheduled eleven (11) hour shift prevents such ASMs from

15   meeting the salary basis test.

16         12.    Home Depot requires all ASMs to undergo a training period after they are either

17   promoted to or hired for the ASM position.  The training period lasts between two (2) and eight

18   (8) weeks.

19         13.    During the employment training period, Plaintiffs and members of the Training

20   Class are required to work over forty (40) hours a week, and Plaintiffs and members of the

21   Training Class are not compensated at time-and-a-half for hours worked in excess of eight (8)

22   hours per day and forty (40) hours per week.  During that period, Home Depot compensated

23   ASMs with their initial starting ASM salary, which does not include any amount for overtime.

24         14.    For purposes of California labor laws, Home Depot identified Plaintiffs and

25   members of the Classes as "exempt" during their training period.  However, ASMs were not

26   performing nor did Home Depot expect them to perform any "exempt" work.

27         15.    Home Depot has a policy of training ASMs before they become "working

28   ASMs." ASMs follow training modules that are developed at Home Depot's Atlanta

4

1  headquarters. ASMs are not assigned to any one department during training. Instead, to the

2  extent that ASMs are "on the floor" of a Home Depot store during training, ASMs float between

3  departments, often learning from hourly associates what is involved in each department of a

4  Home Depot store.

5      16.    During the training periods, Home Depot requires ASMs to train for the ASM

6  position and does not hold ASMs responsible for any management duties during that time.

7      17.    After completing their training, ASMs are assigned to departments in the store

8  where they trained or in another Home Depot store.

9      18.    Plaintiffs and members of the Training Class are not "exempt" employees under

10  applicable law. During their training, Plaintiffs had no authority to hire or fire other employees

11  within Home Depot nor did they have any input regarding store staffing. Plaintiffs' job

12  responsibilities during training were devoid of any duties pertaining to the management of Home

13  Depot stores.

14      19.    The unlawful conduct by Defendant is not inadvertent, de minimis, isolated or

15  sporadic but is widespread, repeated and part of a pattern and practice of conduct affecting all

16  ASMs employed in the State of California.

17      20.    Upon information and belief, other stores operated by Defendant in the State of

18  California imposed the same policies upon ASMs.

19                      **CLASS ACTION ALLEGATIONS**

20      21.    Plaintiffs bring this class action on behalf of themselves and the classes (the

21  "Classes") initially defined as:

22          a)    All current or former ASMs employed by Home Depot who were
                  improperly classified as "exempt" employees and deprived of

23                    wages by Defendant's failure to pay time-and-a-half for all hours

24                    worked in excess of eight (8) hours per day and forty (40) hours

25                    per week ( the "Class").

26          b)    All current and former ASMs employed by Home Depot who were
                  improperly classified as "exempt" employees and deprived of

27                    wages by Defendant's failure to pay time-and-a-half for all hours
                  worked in excess of eight (8) hours per day and forty (40) hours per

28                    work week during the ASM's training period for the ASM position
                  (the "Training Class").

5

22.     The Class Period for Plaintiffs' claims begins at the earliest four years preceding the filing of this Complaint and continues through the present and for so long as Defendant's illegal wage practices continue.

23.     Plaintiffs are members of the Class and Training Class.

24.     Excluded from the Classes are:  Defendant, its officers, directors, agents, trustees, corporations, trusts, representatives, employees, principals, servants, partners, joint venturers, or entities controlled by the Defendant, the Judge assigned to this action, any member of the Judge's immediate family and counsel for the Plaintiffs.

25.     Subject to additional information obtained through further investigation and discovery, the definition of the Classes may be expanded or narrowed by amendment or amended complaint.

26.     This action has been brought and may be properly maintained as a class action, pursuant to the provisions of the California Code of Civil Procedure section 382.

27.     <u>Numerosity</u>:  Members of the Classes are so numerous that their individual joinder is impracticable.  Although the precise number and identity of such members is unknown, they can be ascertained from Defendant's records.  Upon information and belief, there are hundreds if not thousands of members of the Classes based on the fact that during the class period Home Depot operated over 175 stores throughout the State of California.  Members of the Classes may be notified of the pendency of this action by mail, electronic means and (if deemed necessary or appropriate by the Court) by published notice.

28.     <u>Existence and Predominance of Common Questions</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes.  These common legal and factual questions include, but are not limited to:

(a)     whether Plaintiffs and class members are non-exempt employees of Home Depot;

(b)     whether Plaintiffs and class members are non-exempt employees of Home Depot during the training period;

6

1            (c)  whether Home Depot's policy and practice of classifying ASMs as exempt

2                from overtime and failing to pay overtime to ASMs violate applicable

3                California labor and unfair competition laws due to Home Depot's

4                termination of ASMs who exercise their discretion on a regular basis to work

5                less than the eleven (11) hour per day minimum shift for which they were

6                scheduled;

7            (d)  whether Defendant engaged in a continuing policy, pattern or practice of

8                misclassifying ASMs as exempt employees, including Plaintiffs and

9                prospective members of the Classes, by allowing Home Depot to require

10              ASMs to perform work in excess of forty (40) hours per week without

11              compensating them at time-and-a-half for all hours worked beyond eight (8)

12              hours per day and forty (40) hours per week;

13            (e)  whether Home Depot's conduct was willful and purposeful; and

14            (f)  whether Defendant has been unjustly enriched as a result of the unlawful,

15  fraudulent, and unfair conduct alleged herein, such that it would be inequitable for Defendant to

16  retain the benefits conferred upon it by Plaintiffs and the Classes.

17        29.     Defendant's defenses, to the extent that any such defenses apply, are applicable

18  generally to Plaintiffs and the entire Classes and are not distinguishable as to proposed members

19  of the Classes.

20        30.    <u>Typicality</u>:  Plaintiffs are members of the Classes and their claims are typical of

21  the claims of the Classes.  Plaintiffs' claims encompass the challenged practices and conduct

22  engaged in by Defendant as alleged herein and because Plaintiffs' legal claims arise out of the

23  same conduct and are based on the same legal theories as the claims of the Classes.

24        31.    <u>Adequacy</u>:  Plaintiffs' interests do not conflict with the interests of the members

25  of the Classes they seek to represent.  Plaintiffs have retained counsel competent and

26  experienced in complex class action litigation in the Courts of the State of California and

27  elsewhere. Plaintiffs intend to prosecute this action vigorously and protect the interests of the

28  Classes. The interests of members of the Classes will be fairly and adequately protected by

7

1    Plaintiffs and their counsel.

2        32.    Superiority:  A class action is superior to other available means for the fair and

3    efficient adjudication of Plaintiffs' and Class members' claims.  The members of the Classes have

4    no plain, speedy or adequate remedy other than by maintenance of a class action.  The damages

5    sought by each member of the Classes are relatively small thereby making it economically

6    impractical to pursue the remedies on an individual basis.  Additionally, individualized litigation

7    presents a potential for inconsistent or contradictory judgments.  Individualized litigation

8    increases the delay and expense to all parties and the court system as a whole.  By contrast, the

9    class action device presents far fewer management difficulties and provides the benefits of single

10   adjudication, economy of scale, and comprehensive supervision by a single Court.

11       33.    Having refused to act within the constraints of the law and having failed to take

12   into account members' of the Classes interests and rights, Defendant should compensate the

13   Classes for their damages.

14                          **FIRST CAUSE OF ACTION**
15   **(By Plaintiffs for the Class and Training Class Against Defendant For Overtime Wages
     under California Labor Law and the Regulations Promulgated Thereunder)**

16       34.    Plaintiffs hereby incorporate by reference the allegations contained in the

17   preceding paragraphs of this Complaint.

18       35.    During the Class Period, Defendant classified Plaintiffs and all ASMs as

19   "exempt" employees.

20       36.    Plaintiffs and members of the Training Class did not perform duties which would

21   qualify them as "exempt" employees pursuant to California Labor Code sections 510 and 1194

22   during their training period.

23       37.    Defendant derived benefits by classifying Plaintiffs as "exempt" employees

24   during their training period in that it failed to pay Plaintiffs time-and-a-half for all hours worked

25   in excess of eight (8) hours per day and forty (40) hours per week.

26       38.    As a result of the foregoing, Plaintiffs and members of the Training Class have

27   been damaged in an amount to be determined at trial.

28       39.    During the entire Class Period, Home Depot's fifty-five (55) hour minimum per

                                    8

1    week requirement and disciplinary policy for failing to work the minimum required hours

2    disqualifies ASMs as exempt employees under the salary basis test pursuant to California Labor

3    Code sections 510 and 1194.

4        40.    Defendant derived benefits by classifying Plaintiffs as "exempt" employees in

5    that it failed to pay Plaintiffs time-and-a-half for all hours worked in excess of eight (8) hours per

6    day and forty (40) hours per week.

7        41.    As a result of the foregoing, Plaintiffs and members of the Classes have been

8    damaged in an amount to be determined at trial.

9                   **SECOND CAUSE OF ACTION**
                **(By Plaintiffs for the Training Class Against Defendant for Declaratory Judgment)**

10

11       42.    Plaintiffs hereby incorporate by reference the allegations contained in the

12   preceding paragraphs of this Complaint.

13       43.    During the training period, Home Depot requires ASMs to learn and train for the

14   assistant management position and not perform any management responsibilities or duties during

15   that time.

16       44.    During the training period, ASMs do not hire or fire prospective and current

17   employees. ASMs also do not supervise two or more employees during their training period.

18       45.    During the training period, ASMs are not assigned to supervise any departments.

19       46.    As a result, Home Depot misclassifies the ASM position during the training

20   period as "exempt" under California Industrial Welfare Commission (IWC) Wage Order No. 4

21   and California Labor Code sections 510 and 1194.

22       47.    Accordingly, Plaintiffs on behalf of themselves and the Training Class seek a

23   declaratory judgment that the ASM training period is non-exempt under California Labor laws.

24                   **THIRD CAUSE OF ACTION**
                **(By Plaintiffs for the Class Against Defendant For Declaratory Judgment)**

25

26       48.    Plaintiffs hereby incorporate by reference the allegations contained in the

27   preceding paragraphs of this Complaint.

28       49.    Defendant's policy and practice requires ASMs to work a minimum of fifty-five

     (55) hours per week.

                                9

50.    Home Depot has a policy of terminating ASMs and reducing salaries of ASMs if the ASM exercises his or her discretion on a regular basis to work less than the eleven (11) hour minimum daily shift for which the ASM was scheduled.

51.    California's Division of Fair Labor Standards Enforcement ("DLSE"), the state agency charged with enforcing and administering state labor statutes and wage orders, has followed the federal "salary basis test." Under the salary basis test, an employee is paid on a salary basis and exempt from overtime pay requirements if the employee's salary is "not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a); *see also* Cal. Lab. Code § 515(a) (authorizing exemptions from state overtime pay requirements under Cal. Lab. Code § 510).

52.    As a result, Plaintiffs on behalf of themselves and the Class seek a declaratory judgment that the ASM position does not meet the salary basis test and is not exempt from overtime payment requirements under California Labor Code sections 510 and 1194.

## FOURTH CAUSE OF ACTION
### (By Plaintiffs for the Class and Training Class Against Defendant for Unjust Enrichment)

53.    By engaging in the conduct described in this Complaint, Defendant has been unjustly enriched at the expense of Plaintiffs and the Classes.

54.    As a proximate result of Defendant's unlawful, fraudulent, negligent, and/or unfair conduct, and violations of California's wage, hour and labor laws, Defendant has obtained revenues by which it became unjustly enriched at the expense of Plaintiffs and members of the proposed Classes.

55.    Defendant was aware and had knowledge of the benefit it was receiving as a result of the conduct alleged herein, and has enjoyed the benefit of its financial gains, to the detriment and at the expense of Plaintiffs and the Classes.

56.    Under the circumstances alleged herein, it would be unfair and inequitable for Defendant to retain the profits it has unjustly obtained at the expense of the Plaintiffs and the Classes.

57.    Accordingly, Plaintiffs seek an order establishing Defendant as constructive trustees of the profits that served to unjustly enrich them, together with interest during the period

10

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    in which Defendant has retained such funds, and requiring Defendant to disgorge those funds to

2    Plaintiffs and members of the Classes in a manner to be determined by the Court.

3                                    **FIFTH CAUSE OF ACTION**

4    **(By Plaintiffs for the Class and Training Class Against Defendant For Violation of California's Unfair Competition Law, Business And Professions Code §§ 17200, *et seq.*)**

5          58.    Plaintiffs hereby incorporate by reference the allegations contained in the

6    preceding paragraphs of this Complaint.

7          59.    Defendant's acts and practices, as described herein, constitute unlawful, unfair or

8    fraudulent business practices in violation of the UCL.

9          60.    The utility of Defendant's employee classification and compensation practices is

10   significantly outweighed by the gravity of the harm they impose on Plaintiffs and the Classes.

11   Defendant's acts and practices are oppressive, unscrupulous or substantially injurious to its

12   employees.

13         61.    The above-described unfair, unlawful and fraudulent business practices conducted

14   by Defendant present a threat and likelihood of harm and deception to members of the Classes in

15   that Defendant has systematically perpetrated and continues to perpetrate the unfair, unlawful

16   and fraudulent conduct upon them.

17         62.    Defendant's acts and practices constitute unlawful business practices in violation

18   of California wage, hour and labor laws, as described herein.

19         63.    Plaintiffs and the Classes have suffered harm as a proximate result of the

20   wrongful conduct of the Defendant alleged herein, and therefore bring this cause of action for

21   restitution and disgorgement.  Plaintiffs and the Classes have suffered injury in fact and have lost

22   money as a result of Defendant's acts and practices, described herein, in that they have not been

23   paid wages due them.

24         64.    In performing their services for Defendant, Plaintiffs relied upon Defendant to

25   fairly and lawfully compensate them for their services as employees of Defendant.

26         65.    Pursuant to Business and Professions Code §§17200 and 17203, Plaintiffs, on

27   behalf of themselves and the Classes, seek an order of this Court: enjoining the Defendant from

28   continuing to engage in the practices described herein.  Plaintiffs and the Classes are further

                                                    11

1  entitled to, and pray for, restitution of all monies owed to them as a result of Defendant's unfair,

2  unlawful and fraudulent practices, along with disgorgement of profits, plus interest and

3  attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure §1021.5.

4                                **PRAYER FOR RELIEF**

5       **WHEREFORE**, Plaintiffs on behalf of themselves and the Classes, respectfully request

6  that this Court enter Judgment against Home Depot, as follows:

7       A.    Certifying this action as a class action pursuant to California Code of Civil

8  Procedure section 382 and appointing Plaintiffs and their counsel to represent the Classes;

9       B.    Declaring Defendant's conduct complained of herein to be in violation of

10  the Plaintiffs' rights under California Labor Law;

11       C.    Enjoining Defendant from classifying the ASM position as exempt during

12  training and thereafter;

13       D.    Declaring that the ASM position during training is non-exempt;

14       E.    Awarding Plaintiffs and the Classes their unpaid compensation due under

15  the laws of the State of California;

16       F.    Awarding Plaintiffs prejudgment and post-judgment interest; and

17       G.    Awarding Plaintiffs the costs of this action together with reasonable

18  attorneys' fees, and such other and further relief as this Court deems necessary and proper.

19                          **DEMAND FOR TRIAL BY JURY**

20       Plaintiffs demand trial by jury as to all issues so triable.

21

22  Dated: July 8, 2009                    **WEXLER WALLACE LLP**

23

24                                         Mark J. Tamblyn

25                                         Ian J. Barlow
                                           455 Capitol Mall, Suite 231
26                                         Sacramento, CA 95814
                                           Telephone: (916) 492-1100
27                                         Facsimile: (916) 492-1124

28

                              12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, NY 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553

Attorneys for *Plaintiffs, individually and on behalf
of the proposed Class*

13

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>Mark J. Tamblyn (SB #179272)<br>WEXLER WALLACE LLP<br>455 Capitol Mall, Suite 231<br>Sacramento, CA 95814<br>TELEPHONE NO.: (916) 492-1100    FAX NO.: (916) 492-1124<br>ATTORNEY FOR *(Name):* Plaintiffs | **FOR COURT USE ONLY**<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 8 2009<br><br>JOHN A. CLARKE, CLERK<br>BY MARY GARCIA, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
**STREET ADDRESS:** 111 North Hill Street
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Los Angeles, CA 90012
**BRANCH NAME:** Central District - Stanley Mosk Courthouse

**CASE NAME:**
Areceli Mendoza and Kyle Diamond v. Home Depot, U.S.A., Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** BC 417396 |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [✓] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 8, 2009
Mark J. Tamblyn
_____                    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**BY FAX**

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |





**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
 Property Damage/Wrongful Death)
 Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel)
  (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
   Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case
   Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
   Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
 Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of
   County)
  Confession of Judgment *(non-
   domestic relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment
   Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
   Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
   Claim
  Other Civil Petition

| SHORT TITLE: Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | CASE NUMBER: BC 417396 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet which best describes the nature of this case.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**BY FAX**

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

## CIVIL CASE COVER SHEET ADDENDUM
### AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependant Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Areceli Mendoza, et al. v. Home Depot, U.S.A., Inc. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 24451. CRENSHAW BLVD. |
|---|---|
| CITY: TORRANCE     STATE: CA     ZIP CODE: 90505 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Central _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: 7-8-09

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**FILED**
*[stamp]* (SOLO PARA USO DE LA CORTE)
LOS ANGELES SUPERIOR COURT

JUL 8 2009

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT, U.S.A., INC., a Delaware corporation; and DOES 1-50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARECELI MENDOZA and KYLE DIAMOND, individually and on behalf of themselves and all others similarly siutated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Los Angeles Superior Court<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BC 417396 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark J. Tamblyn/Weller Wallace LLP, 455 Capitol Mall, Ste. 231, Sacramento, CA 95814

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* JUL 8 | **JOHN A. CLARKE, CLERK** Clerk, by | M. GARCIA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 415.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com

# EXHIBIT B

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

JUL 23 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

1 | Mark J. Tamblyn (State Bar No. 179272)
Ian J. Barlow (State Bar No. 262213)
2 | **WEXLER WALLACE LLP**
455 Capitol Mall, Suite 231
3 | Sacramento, California 95814
Telephone: (916) 492-1100
4 | Facsimile: (916) 492-1124
mjt@wexlerwallace.com
5 | ijb@wexlerwallace.com

6 | Lee Squitieri
Caitlin Duffy
7 | **SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
8 | New York, New York 10022
Telephone: (212) 421-6492
9 | Facsimile: (212) 421-6553
lee@sfclasslaw.com
10 | caitlin@sfclasslaw.com

11 | Attorneys for *Plaintiffs*

12

13 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14 | IN AND FOR COUNTY OF LOS ANGELES

15 | ARECELI MENDOZA and KYLE DIAMOND,
individually and on behalf of themselves and all
16 | others similarly situated,

Case No. BC 417396   D.54

17 |                                    NOTICE OF ENTRY OF ORDER
Plaintiffs,
18

vs.
19
**File by Fax**
20 | HOME DEPOT, U.S.A., INC., a Delaware
corporation; and DOES 1-50 inclusive,
21

Defendant.
22

23 | TO DEFENDANT HOME DEPOT:

24 |         NOTICE IS HEREBY GIVEN that on July 16, 2009, the Honorable Carl J. West entered

25 | an order designating this action non-complex and reassigning it to the Honorable Judge Ernest

26 | M. Hiroshige in Department 54 of the Los Angeles Superior Court, Stanley Mosk Courthouse,

27 | for all further proceedings.  A copy of the Order is attached hereto as Exhibit A.

28 | //

1

1   Dated: July 23, 2009

2

3                                   Mark J. Tamblyn

4                                   Ian J. Barlow
                                    455 Capitol Mall, Suite 231
5                                   Sacramento, CA 95814
                                    Telephone: (916) 492-1100
6                                   Facsimile: (916) 492-1124

7                                   Lee Squitieri
                                    Caitlin Duffy
8                                   **SQUITIERI & FEARON, LLP**
                                    32 East 57th Street, 12th Floor
9                                   New York, NY 10022
                                    Telephone: (212) 421-6492
10                                  Facsimile: (212) 421-6553

11                                  Attorneys for *Plaintiffs, individually and on behalf
                                    of the proposed Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEXLER WALLACE LLP

2

1

## PROOF OF SERVICE

2    I, Sheila M. Brown, declare:

3    I am a resident of the State of California and over the age of eighteen years, and not a
party to the within action; my business address is 455 Capitol Mall, Suite 231, Sacramento,
4    California 95814. On July 23, 2009, I served the following document(s):

5    • **NOTICE OF ENTRY OF ORDER**

6    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Sacramento, California addressed as set forth
7    below.

8                            Lee Squitieri
                             Caitlin Duffy
9                            **SQUITIERI & FEARON, LLP**
                             32 East 57th Street, 12th Floor
10                           New York, New York 10022
                             Telephone: (212) 421-6492
11                           Facsimile: (212) 421-6553
                             lee@sfclasslaw.com
12                           caitlin@sfclasslaw.com

13                           *Attorneys for Plaintiffs*

14    ☒    by causing personal delivery by process server, **Rapid Legal** of the document(s) listed
above to the person(s) at the address(es) set forth below.

15                           Corporation Service Company
16                           2730 Gateway Oaks Drive
                             Suite 100
17                           Sacramento, CA 95833

18                           *Authorized Agent for Home Depot U.S.A., Inc.*

19    I am readily familiar with the firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S. Postal
20    Service on that same day with postage thereon fully prepaid in the ordinary course of
business. I am aware that on motion of the party served, service is presumed invalid if postal
21    cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

22    I declare under penalty of perjury under the laws of the State of California that the
above is true and correct. Executed on July 23, 2009, at ~~Sacramento, California~~.

23

24                           _____

25                                      Sheila M. Brown

26

27

28

1

PROOF OF SERVICE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 07/16/09 | | | DEPT. 311 |
| HONORABLE CARL J. WEST | JUDGE | R. RULLY | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC417396 | Plaintiff Counsel |
| | ARECELI MENDOZA ET AL | NO APPEARANCES |
| | VS | |
| | HOME DEPOT USA INC | Defendant Counsel |
| | NON-COMPLEX (07-16-09) | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Ernest M. Hiroshige in Department 54 at
Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 54 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 311 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 311 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page  1 of  2    DEPT. 311

MINUTES ENTERED
07/16/09
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/16/09

DEPT. 311

HONORABLE CARL J. WEST    JUDGE   R. RULLY    DEPUTY CLERK

HONORABLE                  JUDGE PRO TEM       ELECTRONIC RECORDING MONITOR

          NONE             Deputy Sheriff   NONE            Reporter

| 8:30 am | BC417396 | Plaintiff Counsel | |
| | ARECELI MENDOZA ET AL | | NO APPEARANCES |
| | VS | Defendant | |
| | HOME DEPOT USA INC | Counsel | |
| | NON-COMPLEX (07-16-09) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-17-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-17-09

John A. Clarke, Executive Officer/Clerk

By: _____
             **KIN HILAIRE**
             K. HILAIRE

WEXLER & WALLACE, LLP
Mark J. Tamblyn, Esq.
455 Capitol Mall, Suite 231
Sacramento, California  95814

Page   2 of 2   DEPT. 311

| MINUTES ENTERED |
| 07/16/09 |
| COUNTY CLERK |



1  Mark J. Tamblyn (State Bar No. 179272)
   Ian J. Barlow (State Bar No. 262213)

2  **WEXLER WALLACE LLP**
   455 Capitol Mall, Suite 231
3  Sacramento, California 95814
   Telephone: (916) 492-1100
4  Facsimile: (916) 492-1124
   mjt@wexlerwallace.com
5  ijb@wexlerwallace.com

6  Lee Squitieri
   Caitlin Duffy
7  **SQUITIERI & FEARON, LLP**
   32 East 57th Street, 12th Floor
8  New York, New York 10022
   Telephone: (212) 421-6492
9  Facsimile: (212) 421-6553
   lee@sfclasslaw.com
10 caitlin@sfclasslaw.com

11 Attorneys for *Plaintiffs*

12

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 27 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

**File by Fax**

13              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

14                    **IN AND FOR COUNTY OF LOS ANGELES**

15 ARECELI MENDOZA and KYLE DIAMOND,        Case No. BC 417396  D. 54
   individually and on behalf of themselves and all
16 others similarly situated,

17                                          **NOTICE OF PROOF OF SERVICE OF**
                                            **JULY 16, 2009 MINUTE ORDER**
                   Plaintiffs,
18
          vs.
19
   HOME DEPOT, U.S.A., INC., a Delaware
20 corporation; and DOES 1-50 inclusive,

21
                   Defendant.
22

23         NOTICE IS HEREBY GIVEN that the Honorable Carl J. West ordered Plaintiffs to serve

24 on all parties a copy of the July 16, 2009 Minute Order designating this action non-complex and

25 reassigning it to the Honorable Judge Ernest M. Hiroshige in Department 54 of the Los Angeles

26 Superior Court, Stanley Mosk Courthouse, for all further proceedings.  All parties were served

27 with a copy of Notice of Entry of Order (see Exhibit A).  A copy of the Notice of Entry of Order

28 was served on the authorized agent for Home Depot.  An executed copy is attached herein (see

                                            1

1  Exhibit B).

2  Dated: July 27, 2009.                    **WEXLER WALLACE LLP**

3

4                                            Mark J. Tamblyn

5                                            Ian J. Barlow
                                             455 Capitol Mall, Suite 231
6                                            Sacramento, CA 95814
                                             Telephone: (916) 492-1100
7                                            Facsimile: (916) 492-1124

8                                            Lee Squitieri
                                             Caitlin Duffy
9                                            **SQUITIERI & FEARON, LLP**
                                             32 East 57th Street, 12th Floor
10                                           New York, NY 10022
                                             Telephone: (212) 421-6492
11                                           Facsimile: (212) 421-6553

12                                           Attorneys for *Plaintiffs, individually and on behalf*
                                             *of the proposed Class*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     2

**PROOF OF SERVICE**

I, Sheila M. Brown, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 455 Capitol Mall, Suite 231, Sacramento, California 95814. On July 27, 2009, I served the following document(s):

- **NOTICE OF PROOF OF SERVICE OF JULY 16, 2009 MINUTE ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

> Lee Squitieri
> Caitlin Duffy
> **SQUITIERI & FEARON, LLP**
> 32 East 57th Street, 12th Floor
> New York, New York 10022
> Telephone: (212) 421-6492
> Facsimile: (212) 421-6553
> lee@sfclasslaw.com
> caitlin@sfclasslaw.com
>
> *Attorneys for Plaintiffs*

☒ by causing personal delivery by process server, **Rapid Legal** of the document(s) listed above to the person(s) at the address(es) set forth below.

> Corporation Service Company
> 2730 Gateway Oaks Drive
> Suite 100
> Sacramento, CA 95833
>
> *Authorized Agent for Home Depot U.S.A., Inc.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 27, 2009, at Sacramento, California.

_____
Sheila M. Brown

1

# EXHIBIT A



1   Mark J. Tamblyn (State Bar No. 179272)
    Ian J. Barlow (State Bar No. 262213)
2   **WEXLER WALLACE LLP**
    455 Capitol Mall, Suite 231
3   Sacramento, California 95814
    Telephone: (916) 492-1100
4   Facsimile: (916) 492-1124
    mjt@wexlerwallace.com
5   ijb@wexlerwallace.com

6   Lee Squitieri
    Caitlin Duffy
7   **SQUITIERI & FEARON, LLP**
    32 East 57th Street, 12th Floor
8   New York, New York 10022
    Telephone: (212) 421-6492
9   Facsimile: (212) 421-6553
    lee@sfclasslaw.com
10  caitlin@sfclasslaw.com

11  Attorneys for *Plaintiffs*

12

13          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              IN AND FOR COUNTY OF LOS ANGELES

15  ARECELI MENDOZA and KYLE DIAMOND,       Case No. BC 417396   D.54
    individually and on behalf of themselves and all
16  others similarly situated,

17                                          **NOTICE OF ENTRY OF ORDER**
                    Plaintiffs,
18
         vs.
19
    HOME DEPOT, U.S.A., INC., a Delaware       **File by Fax**
20  corporation; and DOES 1-50 inclusive,

21  ─────────────────────
            Defendant.
22

23  TO DEFENDANT HOME DEPOT:

24      NOTICE IS HEREBY GIVEN that on July 16, 2009, the Honorable Carl J. West entered

25  an order designating this action non-complex and reassigning it to the Honorable Judge Ernest

26  M. Hiroshige in Department 54 of the Los Angeles Superior Court, Stanley Mosk Courthouse,

27  for all further proceedings. A copy of the Order is attached hereto as Exhibit A.

28  //

                                i

                       NOTICE OF ENTRY OF ORDER

                                                    EXH A

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 23 2009

John A. Clarke, Executive Officer/Clerk

By _____ Dept
     RAUL SANCHEZ

1    Dated: July 23, 2009

WEXLER WALLACE LLP

2

3                                  Mark J. Tamblyn

4                                  Ian J. Barlow
                                   455 Capitol Mall, Suite 231
5                                  Sacramento, CA 95814
                                   Telephone: (916) 492-1100
6                                  Facsimile: (916) 492-1124

7                                  Lee Squitieri
                                   Caitlin Duffy
8                                  SQUITIERI & FEARON, LLP
                                   32 East 57th Street, 12th Floor
9                                  New York, NY 10022
                                   Telephone: (212) 421-6492
10                                Facsimile: (212) 421-6553

11                                 Attorneys for *Plaintiffs, individually and on behalf*
12                                 *of the proposed Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ENTRY OF ORDER

**PROOF OF SERVICE**

I, Sheila M. Brown, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 455 Capitol Mall, Suite 231, Sacramento, California 95814. On July 23, 2009, I served the following document(s):

• **NOTICE OF ENTRY OF ORDER**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
lee@sfclasslaw.com
caitlin@sfclasslaw.com

*Attorneys for Plaintiffs*

☒ by causing personal delivery by process server, **Rapid Legal** of the document(s) listed above to the person(s) at the address(es) set forth below.

Corporation Service Company
2730 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833

*Authorized Agent for Home Depot U.S.A., Inc.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 23, 2009, at Sacramento, California.

Sheila M. Brown

1

PROOF OF SERVICE



7/29/09

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Wexler Wallace LLP<br>455 Capitol Mall Suite 231<br>Sacramento, CA 95814<br>ATTORNEY FOR:  Plaintiff | 916-492-1100<br><br>Ref. No. or File No.<br>2222-000 | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES - UNLIMITED |
|---|
| 111 N Hill St<br>Los Angeles, CA 90012 |

| SHORT TITLE OF CASE: |
|---|
| Arecell Mendoza vs Home Depot, U.S.A. |

| INVOICE NO:<br>722992 | DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>BC417396 |
|---|---|---|---|---|

Proof of Service

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the:

Notice of Entry;

2: a.  Party Served: Home Depot, U.S.A., Inc., a Delaware corporation

  b.  Person Served: Home Depot, U.S.A., Inc., a Delaware corporation

    No Description Available

  c.  Address:  2730 Gateway Oaks Drive 100
        Sacramento, CA 95833

3.  I served the party named in item 2 :
  a.  By personally delivering the copies on: 7/24/2009   At: 02:40 PM

4.  Person who served papers
  a.  Name: Mike Vives
  b.  Address: 14748 Pipeline Avenue, Suite B, Chino Hills, CA 91709
  c.  Telephone number: 909-664-9565
  d.  The fee for this service was: 59.50
  e.  I am:
  (3) [X] a registered California process server:
      (i) [X] Employee
      (ii) Registration No.: 2006-51
      (iii) County: Sacramento

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

7/24/2009

Mike Vives

Rapid Legal, Inc., San Bernardino Co. Reg. #1088, Expires 04-15-10

Proof of Service

EXH. B

# EXHIBIT C

1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  1000 Marsh Road
   Menlo Park, CA 94025
3  Telephone:    650-614-7400
   Facsimile:    650-614-7401
4
5  SARA E. DIONNE (STATE BAR NO. 221326)
   ANDREA L. BROWN (STATE BAR NO. 237629)
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
   Sacramento, CA 94815
7  Telephone:    1-916-329-7922
   Facsimile:    1-916-329-4900
8
9  Attorneys for Defendant
   HOME DEPOT, U.S.A., INC.
10

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 07 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

11            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  IN AND FOR COUNTY OF LOS ANGELES

13

14  ARECELI MENDOZA and KYLE          CASE NO.  BC 417396
    DIAMOND, individually and on behalf of
15  themselves and all others similarly situated,,   ANSWER OF HOME DEPOT, U.S.A.,
                                       INC. TO PLAINTIFFS' COMPLAINT
16                Plaintiffs,

17         v.

18  HOME DEPOT, U.S.A., INC., a Delaware
    corporation, and DOES 1-50 inclusive,
19
                  Defendants.
20

21

22

23

24

25

26

27

28

1    For its answer to plaintiffs Areceli Mendoza and Kyle Diamond's (collectively

2   "Plaintiffs") unverified complaint (the "Complaint"), defendant Home Depot, U.S.A., Inc.

3   ("Home Depot") files this general denial pursuant to California Code of Civil Procedure section

4   431.30 (d), and hereby denies each and every allegation of the complaint.  Home Depot further

5   asserts the following defenses:

6                    **AFFIRMATIVE DEFENSES**

7       1.    As a separate defense to the Complaint and to each cause of action therein,

8   Home Depot alleges that the Complaint, and each purported cause of action therein, fails to state

9   a claim upon which relief may be granted.

10      2.    As a separate defense to the Complaint and to each cause of action therein,

11  Home Depot alleges that Plaintiffs and/or the putative class members consented to, approved

12  and/or ratified the actions complained of therein and are barred from asserting any claims upon

13  which Plaintiffs now seeks relief.

14      3.    As a separate defense to the Complaint and to each cause of action therein,

15  Home Depot alleges that Plaintiffs' claims are barred in whole or in part by the applicable statutes

16  of limitation, including, but not limited to, California Code of Civil Procedure § 338 and

17  California Business & Professions Code § 17208.

18      4.    As a separate defense to the Complaint and to each cause of action therein,

19  Home Depot alleges that any alleged conduct or omission by Home Depot was not the cause in

20  fact or proximate cause of any injury alleged by Plaintiffs.

21      5.    As a separate defense to the Complaint and to each cause of action therein,

22  Home Depot alleges that Plaintiffs and/or putative class members failed to perform their duties,

23  failed to perform those duties which Home Depot realistically expected each to perform, and/or

24  failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to

25  the extent that Plaintiffs and/or putative class members failed to use ordinary care and diligence in

26  the performance of their duties, failed to substantially comply with the reasonable directions of

27  their alleged employer, and failed to exercise a reasonable degree of skill in performing their job

28  duties.

6.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs' and/or putative class members' recovery in this action is barred by their failure to exercise reasonable care and diligence to mitigate their alleged damages. Alternatively, Home Depot alleges that any recovery by Plaintiffs and/or putative class members should be reduced by those damages that Plaintiffs and/or putative class members failed to mitigate.

7.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that any alleged action that Home Depot took with respect to Plaintiffs' and/or putative class members' employment was privileged and justified.

8.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that any action taken by Home Depot is protected by the doctrine of business necessity.

9.      As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that Plaintiffs' action is barred because of the at-will nature of Plaintiffs' employment.

10.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that to the extent Plaintiffs allege that Home Depot has an obligation to which full performance has not been rendered or excused, the obligation is illusory, void and unenforceable.

11.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that to the extent Plaintiffs allege that Home Depot has an obligation to which full performance has not been rendered or excused, there has been a failure of consideration.

12.     As a separate defense to the Complaint and to each cause of action therein, Home Depot alleges that to the extent Plaintiffs allege that Home Depot has an obligation to which full performance has not been rendered or excused, not all conditions to said obligations occurred.

/ / /

- 3 -

1        13.    As a separate defense to the Complaint and to each cause of action therein,

2    Home Depot alleges that Plaintiffs and/or putative class members are precluded from recovering

3    any amounts from Home Depot because Home Depot has paid Plaintiffs and/or putative class

4    members all sums legally due under California law, as applicable, and/or Plaintiffs and/or

5    putative class members have executed a compromise and release of any claims asserted in this

6    lawsuit, and, accordingly, such claims are barred by the doctrines of compromise, settlement,

7    waiver, accord, satisfaction, set off, and/or release.

8        14.    As a separate defense to the Complaint and to each cause of action therein,

9    Home Depot alleges that Plaintiffs and/or putative class members, by their acts or omissions, are

10    estopped from asserting any claims upon which Plaintiffs now seek relief.

11        15.    As a separate defense to the Complaint and to each cause of action therein,

12    Home Depot alleges that Plaintiffs have unreasonably delayed bringing this action to the

13    prejudice of Home Depot, and therefore Plaintiffs' Complaint and each cause of action therein is

14    barred by the doctrine of laches.

15        16.    As a separate defense to the Complaint and to each cause of action therein,

16    Home Depot alleges that Plaintiffs and/or putative class members, by their acts and omissions, are

17    barred by the doctrine of unclean hands and/or subsequently discovered evidence of misconduct

18    from asserting any of the claims upon which Plaintiffs seek relief.

19        17.    As a separate defense to the Complaint and to each cause of action therein,

20    Home Depot alleges that Plaintiffs and putative class members are not entitled to equitable relief

21    because Plaintiffs have failed to avail himself/herself of or exhaust plain, adequate, or complete

22    remedies of laws available to Plaintiffs under the provisions of applicable state or federal law.

23        18.    As a separate defense to the Complaint and to each cause of action therein,

24    due to adjudication or judgment of claims and/or issues previously asserted by certain putative

25    class members, Plaintiffs and putative class members may be barred by the doctrine of res

26    judicata and/or collateral estoppel from pursuing particular claims asserted in this action.

27        19.    As a separate defense to the Complaint and each cause of action therein,

28    Plaintiffs cannot satisfy the requirements to maintain this action as a class action.



20.    As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that the Complaint is barred to the extent that Plaintiffs lack standing to raise some or all of the claims of the putative class.

21.    As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that the Complaint is barred because Plaintiffs and putative class members are properly classified as exempt from overtime requirements under California law.

22.    As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that if any damages have been sustained by Plaintiffs or putative class members, although such is not admitted and is generally denied, Home Depot is entitled in equity to offset all time Home Depot voluntarily paid for not worked by Plaintiffs and putative class members against any judgment entered against Home Depot.

23.    As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that California Business and Proccssions Code section 17200 is unconstitutionally vague as applied here in violation of Home Depot's rights of due process and equal protection under the United States Constitution and California Constitution.

24.    As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that because liability may not be determined by a single jury on a class wide basis, allowing this action to proceed as a class action would violate Home Depot's rights under the Seventh Amendment.

25.    As a separate defense to the Complaint and each cause of action therein, Home Depot alleges that Plaintiffs are not appropriate class or group representatives.

26.    Home Depot has insufficient knowledge or information on which to form a belief as to whether it has any additional, as yet unstated, defenses available. Home Depot reserves the right to assert additional defenses in the event that discovery indicated that it would be appropriate.

WHEREFORE, Home Depot prays for relief as follows:

1.    That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

- 5 -

2.    That the purported classes not be certified;

3.    For Home Depot's cost of suit herein, including reasonable attorneys' fees; and

4.    For such other and further relief as the Court deems just.

Dated: August 7, 2009

LYNNE C. HERMLE
SARA E. DIONNE
ANDREA L. BROWN
ORRICK, HERRINGTON & SUTCLIFFE LLP

_____
LYNNE C. HERMLE
Attorneys for Defendant
HOME DEPOT, U.S.A., INC.

- 6 -

ANSWER OF HOME DEPOT, U.S.A., INC. TO PLAINTIFFS' COMPLAINT

## PROOF OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe, LLP, 400 Capitol Mall, Suite 3000, Sacramento, California 95814-4497.  On August 7, 2009, I served the following document(s):

- **ANSWER OF HOME DEPOT USA, INC. TO PLAINTIFFS' COMPLAINT**

on the interested parties in this action by placing true and correct copies thereof in sealed envelope(s) addressed as follows:

Mark J. Tamblyn                          Attorneys for Plaintiffs
Ian J. Barlow
Wexler Wallace LLP
455 Capitol Mall
Suite 231
Sacramento, CA 95814

Lee Squitieri & Fearon, LLP              Attorneys for Plaintiffs
32 East 57th Street
12th Floor
New York, New York 10022

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7, 2009, at Sacramento, California.


_____
                    Lorraine Carpenito