1  **WEXLER WALLACE LLP**
   Mark J. Tamblyn (State Bar No. 179272)
2  Email: mjt@wexlerwallace.com
   Ian J. Barlow (State Bar No. 262213)
3  Email: ijb@wexlerwallace.com
   455 Capitol Mall, Suite 231
4  Sacramento, California 95814
   Telephone: (916) 492-1100
5  Facsimile: (916) 492-1124

6  [Additional Counsel Listed on Signature Page]

7  Attorneys for *Plaintiffs*

8  **ORRICK HERRINGTON & SUTCLIFFE LLP**
   Lynne C. Hermle
9  Email: lchermle@orrick.com
   1000 Marsh Road
10 Menlo Park, California 94025
   Telephone: (650) 614-7400
11 Facsimile: (650) 614-7401

12 [Additional Counsel Listed on Signature Page]

13 Attorneys for *Defendant*

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17 ARECELI MENDOZA and KYLE              Case No. CV 09-05843 SJ0 (JCx)
   DIAMOND, individually and on behalf of
18 themselves and all others similarly       **JOINT REPORT OF MEETING**
   situated,                                 **OF COUNSEL PURSUANT TO**
19                                           **FED. R. CIV. P. 26(f), CENTRAL**
                                             **DISTRICT LOCAL RULE 26-1,**
20              Plaintiffs,                  **INITIAL STANDING ORDER,**
                                             **AND AUGUST 18, 2009 MINUTE**
21     vs.                                   **ORDER**

22 HOME DEPOT, U.S.A., INC., a
   Delaware corporation; and DOES 1-50      Date:        September 14, 2009
23 inclusive,                               Time:        8:30 a.m.
                                            Courtroom: 880
24              Defendants.

25                                          Honorable S. James Otero

26

27

28

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(f), Central District Local Rule 26-1 ("Local Rule 26-1"), this Court's Initial Standing Order and August 18, 2009 Minute Order, Plaintiffs Areceli Mendoza and Kyle Diamond ("Plaintiffs") and Defendant Home Depot, U.S.A., Inc. ("Defendant" or "Home Depot") hereby respectfully submit the following Joint Report.

On August 27, 2009, the parties conducted their meeting among counsel under Rule 26(f). Lee Squitieri and Caitlin Duffy of Squitieri & Fearon, LLP and Mark J. Tamblyn and Ian J. Barlow of Wexler Wallace LLP articipated on behalf of the Plaintiffs. Sara E. Dionne and Andrea L. Brown of Orrick, Herrington & Sutcliffe LLP participated on behalf of the Defendant.

## I.    FEDERAL RULE OF CIVIL PROCEDURE 26(f)

### A. Nature And Basis Of Claims And Defenses

Plaintiffs' Statement

This proposed class action is brought on behalf of Home Depot Assistant Store Managers ("ASMs") in California who were improperly classified as "exempt" employees and deprived of time-and-a-half pay for all hours worked in excess of eight (8) hours per day and forty (40) hours per work week. Plaintiffs filed their Complaint on July 8, 2009 in Los Angeles County Superior Court.

Plaintiffs allege that Home Depot had a policy of terminating ASMs who exercised their discretion not to complete each eleven (11) hour minimum shift for which the ASM was scheduled. Such a policy disqualifies ASMs from being categorized as exempt from overtime pay under the "salary basis test." The salary basis test, pursuant to 29 C.F.R. § 541.602 and Cal. Lab. Code § 515(a), require that an employee is exempt from overtime pay where his or her pay is not subject to reduction due to variations in the quality or quantity of work performed. As a result, Home Depot misclassifies ASMs as exempt due to its policy of terminating ASMs for failure to complete each eleven (11) hour minimum shift.

Plaintiffs also allege that Home Depot failed to pay overtime to ASMs who

2

worked over eight (8) hours per day and forty (40) hours per week during their employment training period. More specifically, Home Depot classifies ASMs as exempt during their training period despite the fact that ASMs do not perform nor are expected to perform any exempt work. ASMs follow training modules that are developed at Home Depot's headquarters in Atlanta, Georgia. While in training, ASMs are not assigned to a particular Home Depot department and, if they are assigned any in-store work at all, they float between departments, often observing and sometimes assisting hourly associates. ASMs are not responsible for any management duties during their training periods. They have no authority to hire or fire other Home Depot employees nor do they provide any input regarding store staffing.

This case is appropriately pled on a California class-wide basis and alleges that Home Depot's failure to pay overtime to the aforementioned ASMs violates Cal. Lab. Code §§ 510 and 1194 and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiffs also assert claims for unjust enrichment and request, in part, a declaratory judgment that the ASM position does not meet the salary basis test and is not exempt from overtime pay requirements, that the ASM position during training is non-exempt, and that the Court enjoin Home Depot from classifying the ASM position as exempt during the training period and thereafter as well as from continuing to engage in unlawful business practices.

On August 7, 2009, Home Depot answered Plaintiff's Complaint, generally denying Plaintiffs' allegations and asserting twenty-six (26) affirmative defenses. Home Depot filed a Notice of Removal in this Court on August 11, 2009 [Dkt. No. 1]. Substantially similar cases are currently pending against Home Depot in other federal courts, including *Ottaviano v. Home Depot, U.S.A., Inc.*, Case No. 1:09-cv-05125 (N.D. Ill.) (removed on August 20, 2009, [*Ottaviano* Dkt. No. 1]) and *Novak v. Home Depot, U.S.A., Inc.*, Case No. 3:06-CV-04841 (D.N.J.).

<u>Defendant's Statement</u>

Home Depot denies Plaintiffs' allegations, and contends that it properly classified Plaintiffs and members of their proposed class as exempt. Defendant further denies that this matter is suitable for adjudication as a class or collective action. In one of the substantially similar cases listed above, *Novak v. Home Depot, U.S.A., Inc.*, the Court recently denied the motion for class certification pursuant to Federal Rule of Civil Procedure 23, including on a theory expressly pleaded by Plaintiffs here. *See Novak*, Dkt. No.78, entered August 27, 2009.

**B. Preserving Discoverable Information**

The parties have discussed issues related to the preservation of discoverable information. Home Depot is placing appropriate litigation holds on, or will otherwise preserve pursuant to its normal business practices, all potentially relevant information, including electronically-stored information.

**C. Discovery Plan**

**1. Federal Rule 26(a), Local Rule 26-1(f): Disclosures**

The parties have not yet exchanged initial disclosures, do not contemplate any changes to the disclosures under Federal Rule 26(a)(1), and shall exchange such disclosures no later than September 24, 2009.

Plaintiffs' expert report(s) shall be submitted on May 7, 2010, ninety (90) days before the date set for trial (August 17, 2010).

Home Depot proposes a trial date of October 25, 2010. Accordingly, Home Depot proposes that Plaintiffs' expert report(s) shall be submitted on July 27, 2010. Home Depot's expert report(s) shall be submitted thirty-one (31) days thereafter, August 27, 2010.

**2. Federal Rule 26(f)(3)(B): Discovery Subjects, Phasing and/or Limitations**

<u>Plaintiff's Position</u>

At this time, Plaintiffs anticipate discovery on the following general

4

subjects:

(a) Home Depot's ASM training and employment procedures and policies, including Home Depot's requirement that ASMs work a minimum of fifty-five (55) hours per week.

(b) The number of ASMs trained and employed by Home Depot in California during the Class Period;

(c) Complaints, grievances, requests or inquiries concerning payment of ASM and trainee ASM overtime wages;

(d) Policies and procedures relating to duties and responsibilities of ASMs and trainee ASMs, and requirements for numbers of hours worked per week and/or month by ASMs and trainee ASMs;

(e) Total wages paid to ASMs and trainee ASMs and hourly wage rates for ASMs and trainee ASMs in California during the Class Period;

(f) Notices, requests, communications or other documents related to ASMs working fewer than eleven (11) hours per day and fifty-five (55) hours per week;

(g) Evaluation of ASMs for attendance purposes;

(h) Dates of service and records of absenteeism, vacations, personal days and weekly work schedules of ASMs in California during the Class Period;

(i) The number of ASMs in California who worked fewer than eleven (11) hours per day and fifty-five (55) hours per week and were terminated by Home Depot during the Class Period;

(j) Evaluations or analysis of the ASM and trainee ASM positions as exempt from overtime payment; and

(k) Defendants' affirmative defenses.

Plaintiffs propose that discovery be completed by March 26, 2010. This date and parties' other proposed pre-trial dates are reflected in the accompanying Schedule

5

of Pretrial Dates (Attachment A).

Defendant's Position

Home Depot proposes a two-phased discovery process. The first phase would allow discovery on Plaintiffs' individual claims and class certification issues. However, Home Depot reserves the right to seek limitations on certification discovery given the nature of Plaintiffs' claims and the undue expense of class-wide discovery. The first phase would end on the date the Court decides Plaintiffs' motion for class certification. In the event that a class is certified, Home Depot anticipates a second phase of discovery in which broader class discovery is conducted, including but not limited to, discovery regarding individual class members, damages, and expert discovery.

Home Depot proposes that all non-expert discovery be completed by June 9, 2010.

### 3. Federal Rule 26(f)(3)(C):  Discovery of Electronically-Stored Information

Plaintiffs' Position

Plaintiffs propose that all Electronically Stored Information ("ESI") produced in the litigation be provided in its native file format, with metadata preserved, and without additional processing of any kind. This means that a file shall be produced in the format in which the ESI was originally created (e.g., Microsoft Word, Microsoft Excel, Microsoft PowerPoint, etc). A file path to the native file should be provided in the metadata. Plaintiffs believe that production via native file format results in the least risk of loss of relevant data, and is the most effective cost saving form of production both in terms of reducing redundant processes in searching and preparing the discoverable information for use in the case. Defendants have a duty to show that discovery of ESI in its native format is unduly burdensome to the extent Defendants objects to production on those grounds. In the event Defendants use proprietary software to view and/or interpret

6

the discoverable data, Plaintiffs should be permitted to utilize such software.

Defendant's Position

Home Depot objects to Plaintiffs' request that all ESI be produced in its "native file format with metadata preserved, and without additional processing of any kind." The production of ESI in "native format and without any additional processing of any kind" renders it unable to be Bates Stamped or redacted and results in a greater risk of loss of relevant data due to the fact that it could be easily altered after production. Home Depot will, however, agree to produce Microsoft Excel documents in native file format. For all other ESI, however, Home Depot is amenable to producing in either TIFF or PDF format, both of which are standard means of producing ESI. Home Depot further objects to Plaintiffs' broad and vague request for metadata. Without waiving any of these objections, Home Depot is willing to meet and confer further with Plaintiffs with respect to the both production format and possible production of certain metadata fields.

Home Depot also objects to Plaintiffs' request to utilize any proprietary software Home Depot may use to view and/or interpret the discoverable data. Home Depot agrees to meet and confer with Plaintiffs regarding the production of discoverable electronic information contained in a database to ensure that the information is produced in a meaningful format while respecting any applicable software licensing agreements to which Home Depot is a party.

Home Depot further objects to Plaintiffs' proposal to the extent that it is burdensome, harassing and redundant because: (1) Home Depot has already produced responsive information and documents in *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-4100 (D.N.J. July 18, 2006), a nationwide collective action under the Fair Labor Standards Act, the class of which encompasses the proposed class in this matter; and (2) Home Depot has already defeated class certification, for the same proposed class of employees, in *Home Depot Overtime Cases*, No. JCCP4229, 2006 WL 330169 (Cal. Super. Ct. App. Div. Feb. 2, 2006) *aff'd*, No.

E040215, 2007 WL 4128093 (Cal. Ct. of Appeal 4th Dist. Nov. 21, 2007).

### 4. Rule 26(f)(3)(D):  Claims of Privilege or of Protection

The parties are unaware of any issues that may affect claims of privilege or protection as trial-preparation materials at this time.

### 5. Rule 26(f)(3)(E):  Discovery Limitations

<u>Plaintiffs' Position</u>

Due to the unusually large number of witnesses and documents, Plaintiffs propose that the presumptive limit of Rule 30(a)(2)(A) be modified to permit seventeen (17) depositions by each side.

<u>Defendant's Position</u>

The number of depositions Home Depot will need to take, beyond those of the named Plaintiffs, will depend largely on the number of declarations Plaintiffs file in support of their motion for class certification.  Home Depot will meet and confer with Plaintiffs' counsel to work out any disputes with respect to any depositions needed beyond the presumptive limit of Rule 30(a)(2)(A).

### 6. Rule 26(f)(3)(F):  Orders to Be Entered by the Court

Home Depot has expressed its intention to propose the entry of a protective order that, if entered, will govern the production and handling of any confidential, proprietary and trade secret information produced in this case.  Upon receipt of Home Depot's draft proposed order, Plaintiffs will negotiate in good faith the terms of the order.

## D. Hearing of Motions, Final Pretrial Conference and Trial Date

### 1. Rule 56 Motions

<u>Plaintiffs' Position</u>

Plaintiffs propose that any Rule 56 motions be due approximately one month after close of discovery, April 28, 2010.  Any opposition to the motions shall be due no later than thirty (30) days after filing of the motion(s), May 28, 2010.  Any

replies to opposition papers shall be due no later than twenty-one (21) days after filing the oppositions, June 18, 2010. The hearing on any Rule 56 motion shall held on June 28, 2010.

### Defendant's Position

Home Depot proposes that any Rule 56 motions be due July 9, 2010, which is approximately one month after close of discovery, June 9, 2010. Any opposition to the motions shall be due no later than thirty (30) days after filing of the motion(s), August 9, 2010. Any replies to opposition papers shall be due no later than twenty-one (21) days after filing the oppositions, August 30, 2010. The hearing on any Rule 56 motion shall be held on September 6, 2010.

### 2. Proceedings Relating to Class Certification

### Plaintiffs' Position

Plaintiffs propose to file their motion for class certification no later than November 9, 2009.

Defendant shall file any responses in opposition to class certification no later than twenty-one (21) days after the filing of Plaintiffs' motion.

Any reply in support of a motion regarding class certification shall be filed no later than fourteen (14) days after the filing of any opposition regarding class certification.

### Defendant's Position

Home Depot proposes that it have forty (40) days, until December 21, in which to oppose Plaintiffs' motion for class certification.

Any reply in support of a motion regarding class certification shall be filed no later than twenty-one (21) days after the filing of any opposition regarding class certification.

Home Depot proposes that the hearing on Plaintiffs' motion for class certification be held on Monday, January 18, 2010.

### 3. Final Pretrial Conference

9

Plaintiffs' Position

Plaintiffs propose that the pretrial conference be held eight (8) days prior to trial, August 9, 2010.

Defendant's Position

Home Depot proposes that the pretrial conference be held eight (8) days prior to trial, October 15, 2010.

### 4. Trial Date

Plaintiffs' Position

Plaintiffs propose that trial be set for August 17, 2010.

Defendant's Position

Home Depot proposes that trial be set for October 25, 2010.

### E. Local Rule 26-1(d):  Estimate Of Time Required For Trial

Plaintiffs' Position

Plaintiffs estimate that any trial will occupy 10-12 trial days.

Defendant's Position

Home Depot believes that a reasonable estimate at this time would be 3-5 or 10-15 days, depending on whether it proceeds as an individual action or a class action, respectively.

### F. Local Rule 26-1(c):  Settlement Efforts And Procedures

No settlement discussions have occurred with regard to this action.  Pursuant to Local Rule 16-15.4, the parties will select Settlement Procedure No. 3.

### G. Local Rule 26-1(a):  Complexity of the Case

The parties agree that the procedures in the Manual for Complex Litigation are not necessary for this matter at this time.  The parties will propose procedures from the Manual if they become necessary at the appropriate time.

### H. Local Rule 26-1(e):  Appearance of Additional Parties

No additional parties are contemplated at this time.

## I. Local Rule 26-1(b):  Dispositive or Partially Dispositive Motions Parties are Likely to Make

The parties anticipate filing their respective summary judgment motions at the close of discovery.  In addition, Home Depot anticipates filing a motion for judgment on the pleadings.

### J.  Unusual Legal Issues Presented

Plaintiffs' Position

Defendant bears the burden of proof and production on all issues for Plaintiffs' status as exempt employees.  Under applicable law, Plaintiffs only burden is to show that they worked in excess of forty (40) hours per week and were not paid overtime.

Defendant's Position

Home Depot disagrees that what Plaintiffs have set forth above is an "unusual legal issue."  Home Depot also disagrees that Plaintiffs have properly stated the burden of proof.   Home Depot contends that at all times Plaintiffs bear the burden of proving each element of their claims, although Home Depot agrees that it bears a burden of proof on the exempt status of Plaintiffs.

### K. Severance, Bifurcation Or Other Ordering Of Proof

Plaintiffs' Position

Plaintiffs believe that phasing of discovery is not feasible and would be inefficient in this action as the issues relating to class certification are intertwined with the merits. *See, e.g.*, ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 9:44, at 407 (4th ed. 2002) (citations omitted).

Defendants' Position

Home Depot believes that phasing of discovery is the most efficient way to handle discovery in this proposed class action.  It would avoid discovery that would be costly and unnecessary if class certification is denied, which Home Depot contends will occur in this case as it was in the *Novak* and *Home Depot*

11

1

*Overtime Cases* matters.

2

DATED: August 31, 2009

3

4

5

6

7

8

9

10

11

12

13

14

DATED: August 31, 2009

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEXLER WALLACE LLP**

/s/ Ian Barlow
Ian J. Barlow

Mark J. Tamblyn
Ian J. Barlow
**WEXLER WALLACE LLP**
455 Capitol Mall, Suite 231
Sacramento, California 95814
Telephone: (916) 492-1100
Facsimile: (916) 492-1124

Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Attorneys for *Plaintiffs*

**ORRICK HERRINGTON
& SUTCLIFFE LLP**

/s/ Lynn Hermle
Lynn C. Hermle
**ORRICK HERRINGTON
& SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, California 94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

Tina M. Tran
**ORRICK HERRINGTON
& SUTCLIFFE LLP**
777 South Figueroa Street
Los Angeles, California 90017-5855
Telephone: 213-629-2020
Facsimile: 213-612-2499

Sara E. Dionne
Andrea L. Brown
**ORRICK HERRINGTON
& SUTCLIFFE LLP**
400 Capital Mall, Suite 3000
Sacramento, California 94815
Telephone: (916) 329-7922
Facsimile: (916) 329-4900
Attorneys for *Defendant*

12

# ATTACHMENT A

**CV 09-05843 SJO (JCx)**
**Arceli Mendoza et al. v. Home Depot, U.S.A., Inc. et al.**

## DISTRICT OF JUDGE S. JAMES OTERO

### SCHEDULE OF PRETRIAL DATES

| Matter | Time | Days(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial Date (Jury) Estimated Length: 10-12 Days** (Plaintiffs); 3-5 if case proceeds as an individual action and 10-15 days if class action (Defendant) | 9:00 a.m. | | 8/17/10 | 10/25/10 | |
| **Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief** | 9:00 a.m. | 8 days before trial | 8/9/10 | 10/15/10 | |
| **Last day for Hearing Motions** | | 45 days before trial | 6/28/10 | 9/6/10 | |
| **Discovery Cut-Off** | | 90 days before trial | 3/26/10 | 6/9/10 | |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

**L.R. 16-14 Settlement Choice:  (1) CT/USMJ    (2) Atty    (3)  Outside ADR    (4) Trial Court**

| Matter | Time | Days(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Last Day to Conduct Settlement Conference** | | 3 weeks prior to pretrial conference | 7/19/10 | 9/24/10 | |
| **Last Day to Amend Pleadings or Add Parties** | | Within 30 days from scheduling conference | 10/14/09 | 10/14/09 | |

## PROOF OF SERVICE

1

2          I, Sheila M. Brown, certify as follows:

3          I am employed in the County of Sacramento, State of California, over the
age of eighteen years and am not a party to this action.  My business address is 455
4   Capitol Mall, Suite 231, Sacramento, California 95814.  On August 31, 2009 I
served the attached:

5

6          **JOINT REPORT OF MEETING OF COUNSEL PURSUANT TO
FED. R. CIV. P. 26(f), CENTRAL DISTRICT LOCAL RULE 26-1,
INITIAL STANDING ORDER, AND AUGUST 18, 2009 MINUTE
7          ORDER**

8   on the parties identified on the attached service list by the following means:

9

10   ☒          **BY ELECTRONIC FILING**: I filed the foregoing document with the
Clerk of Court for the United States District Court, using the CM/ECF
11          filing system.  The attorneys listed on the attached service list have
consented to receive service by electronic means, having registered
12          with the CM/ECF system, and were served a "Notice of Electronic
Filing" ("NEF") by the system.

13

14   ☒          **BY MAIL:** I placed a true copy in a sealed envelope addressed as
indicated on the attached service list in the above-mentioned date.  I am
familiar with the firm's practice of collection and processing
15          correspondence for mailing.  It is deposited with the U.S. Postal
Service on that same day in the ordinary course of business.  I am
16          aware that on motion of party served, service is presumed invalid if
postal cancellation date or postage meter date is more than one day
17          after date of deposit for mailing in affidavit.

18   ☒          **(FEDERAL)** I declare under penalty of perjury under the laws of the
United States that the foregoing is true and correct

19

20   Executed on August 31, 2009 in Sacramento, California

21                                             /s/ Sheila M. Brown

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

## SERVICE LIST

2

3    Lynne C. Hermle
**ORRICK HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
4    Menlo Park, California  94025
Telephone:  (650) 614-7400
5    Facsimile:  (650) 614-7401

6    Tina M. Tran
**ORRICK HERRINGTON & SUTCLIFFE LLP**
7    777 South Figueroa Street
Los Angeles, California  90017-5855
8    Telephone:  (213) 629-2020
Facsimile:  (213) 612-2499

9
Sara E. Dionne
10   Andrea L. Brown
**ORRICK HERRINGTON & SUTCLIFFE LLP**
11   400 Capital Mall Suite 3000
Sacramento, California  94815
12   Telephone:  (916) 329-7922
Facsimile:  (916) 329-4900

13
*Attorneys for Defendant Home Depot, U.S.A., Inc.*
14

15   Lee Squitieri
Caitlin Duffy
**SQUITIERI & FEARON, LLP**
16   32 East 57th Street, 12th Floor
New York, New York  10022
17   Telephone:  (212) 421-6492
Facsimile:  (212) 421-6553
18

19   *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28