1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  Orrick, Herrington & Sutcliffe LLP
   1000 Marsh Road
3  Menlo Park, CA 94025
   Telephone: +1-650-614-7400
4  Facsimile:  +1-650-614-7401
   abrown@orrick.com
5  ANDREA L. BROWN (STATE BAR NO. 237629)
   abrown@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
7  Sacramento, CA 94815
   Telephone: 1-916-447-9200
8  Facsimile:  1-916-329-4900

9  Attorneys for Defendants

FILED 2009 AUG 28 PM 3:46

10             UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  ARECELI MENDOZA and KYLE          Case No. CV 09-5843 SJO (JCx)
14  DIAMOND, individually and on behalf
    of themselves and all others similarly   DEFENDANT HOME DEPOT,
15  situated,,                        U.S.A., INC.'S MEMORANDUM
                                      OF POINTS AND
16              Plaintiff,            AUTHORITIES IN SUPPORT
                                      OF APPLICATION TO SEAL
17       v.                           DECLARATIONS IN SUPPORT
                                      OF AMENDED NOTICE OF
18  HOME DEPOT, U.S.A., INC., a       REMOVAL
    Delaware corporation, and DOES 1-50
19  inclusive,

20              Defendants.

21

22

23

24

25

26

27

28

## I. INTRODUCTION

Pursuant to Civil L.R. 79-5.1, Defendant Home Depot, U.S.A., Inc. ("Home Depot") hereby seeks to permanently seal the Declaration of David Richa In Support of Home Depot's Amended Notice of Removal ("Richa Removal Declaration") and Michael J. Thompson In Support of Home Depot's Amended Notice of Removal ("Thompson Removal Declaration") (collectively the "Removal Declarations"), currently lodged under seal.

The Removal Declarations that Home Depot seeks to permanently seal in this Application contain Home Depot's detailed confidential financial information regarding its sales, revenue, and property value. Home Depot maintains the information contained in the Removal Declarations in a confidential manner and dissemination of Home Depot's confidential information to the public is restricted. Accordingly, good cause exists to permanently seal these documents.

## II. ARGUMENT

### A. Good Cause Exists to Permanently Seal the Removal Documents.

Home Depot seeks to permanently seal the Removal Declarations containing confidential financial information. "[A] 'particularized showing' under the 'good cause' standard of [Federal Rule of Civil Procedure] 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A party seeking protection establishes good cause by showing that "specific prejudice or harm" will result if the information is not sealed. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The district courts have "broad latitude" under Rule 26(c) "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Id.* Good cause exists when the disclosure of financial information would put a company at a competitive disadvantage. *See In re Adobe Systems Inc. Securities Litigation*, 141

1  F.R.D. 155, 158 (N.D. Cal. 1992).

2        The information Home Depot seeks to permanently seal consists of
3  confidential financial information. Specifically, the Richa Removal Declaration
4  breaks down the percentages of Home Depot's revenue and sales by various states.
5  Declaration of Stacy Ingram In Support of Home Depot's Motion to Seal ("Ingram
6  Seal Decl."), ¶ 2. The Thompson Removal Declaration likewise details the
7  percentages of the total value of Home Depot's tangible property by various states.
8  Declaration of Erika Strawn In Support of Home Depot's Motion to Seal ("Strawn
9  Seal Dec.") ¶ 2.

10       The information contained in the Declarations, which identifies
11 percentages of financial and tangible property figures by various states, is highly
12 confidential. *Id.*, ¶ 4; Ingram Seal Decl. ¶ 3. Home Depot maintains its
13 information in a confidential manner. Indeed, even within Home Depot,
14 dissemination of this information is restricted to those with a business reason to
15 know. Strawn Seal Decl., ¶ 4; Ingram Seal Decl., ¶ 3.

16       Public disclosure of the detailed breakdowns contained in the Richa
17 Removal Declaration provides information and insight as to how Home Depot
18 focuses and organizes its business, thereby revealing the company's business
19 strategy. Ingram Seal Decl. ¶ 4. The information contained in the Thompson
20 Removal Declaration reveals the manner in which Home Depot values its tangible
21 property. Strawn Seal Decl. ¶ 5. Disclosure of the information contained in the
22 Declarations therefore risks both competitive and financial harm to Home Depot.
23 *Id.*; Ingram Seal Decl., ¶4. The "disclosure of confidential information is the
24 quintessential type of irreparable harm that cannot be compensated or undone by
25 money damages." *Hirschfeld v. Stone*, 193 F.R.D. 175, 187 (S.D.N.Y. 2000).
26 ///
27 ///
28 ///

**B. The Private Interest in Sealing the Documents Outweighs the Public Interest.**

The harm that could come to Home Depot by the release of the confidential financial and property information contained in the Removal Declarations far outweighs any interest the public would have in them. This application seeks to permanently seal only two declarations that consist of commercially sensitive information. Ingram Seal Decl., ¶ 4; Strawn Seal Decl., ¶ 5. Public policy favors protecting the confidentiality of commercially sensitive information. *See, e.g. Encyclopedia Brown Prod., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (party would be irreparably harmed by disclosure of confidential business information supported sealing, even though documents dealt with business information dating back several years). The general public does not have an interest in these documents as Home Depot already discloses its general financial information in public filings pursuant to applicable law. Any member of the public wishing to understand what this lawsuit is about can easily ascertain the nature of the case by viewing the remainder of the Court's file. It cannot be said that sealing the Removal Declarations will impede the public's access to this case, nor render the public unable to understand what the court is doing.

## III. CONCLUSION

For the foregoing reasons, Home Depot respectfully requests that the Court to grant its application to seal the Removal Declarations. In the event that the Court denies Home Depot's Application to Seal, Home Depot requests that the Court return the Removal Declarations to Home Depot.

///
///
///
///

| | | |
|---|---|---|
| Dated: | August 28, 2009 | LYNNE C. HERMLE<br>ANDREA L. BROWN<br>Orrick, Herrington & Sutcliffe LLP |

*/s/ Andrea L. Brown*
_____
ANDREA L. BROWN
Attorneys for Defendant