```
 1  LYNNE C. HERMLE (STATE BAR NO. 99779)
    lchermle@orrick.com
 2  ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
 3  Menlo Park, CA 94025
    Telephone: 650-614-7400
 4  Facsimile: 650-614-7401

 5  SARA E. DIONNE (STATE BAR NO. 221326)
    sdionne@orrick.com
 6  ANDREA L. BROWN (STATE BAR NO. 237629)
    abrown@orrick.com
 7  ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall, Suite 3000
 8  Sacramento, CA 94815
    Telephone: 1-916-329-7922
 9  Facsimile: 1-916-329-4900

10
    Attorneys for Defendant
11  HOME DEPOT, U.S.A., INC.

12
                    UNITED STATES DISTRICT COURT
13
                   CENTRAL DISTRICT OF CALIFORNIA
14
```

| | |
|---|---|
| ARECELI MENDOZA and KYLE DIAMOND, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT, U.S.A., INC., a Delaware corporation, and DOES 1-50 inclusive,<br><br>Defendants. | CASE NO. CV 09-5843 SJO (JCx)<br><br>**DEFENDANT HOME DEPOT, U.S.A., INC.'S OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFFS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>DATE: January 11, 2010<br>TIME: 10:00 A.M.<br>ROOM: 880 |

I. **INTRODUCTION**

Defendant Home Depot U.S.A., Incorporated ("Home Depot") hereby objects to certain evidence submitted in support of Plaintiffs Kyle Diamond and Araceli Mendoza's (collectively "Plaintiffs") Motion for Class Certification. As discussed below in Home Depot's General and Specific Objections, Plaintiffs evidence violates the most basic of evidentiary principles. Plaintiffs (1) offer unauthenticated documents, (2) offer inadmissible hearsay, (3) offer testimony from Plaintiff Araceli Mendoza given in an unrelated matter but fail to make her available for deposition in this matter, and (4) present information that has no bearing on any of issue of consequence and is thus irrelevant. Plaintiffs also present numerous documents that were produced under seal in unrelated litigation, subject to the strictest conditions of confidentiality.

As shown below, Plaintiffs' evidence fails to meet the requirements of admissibility under Central District Local Rule 7-7, Federal Rule of Civil Procedure 56(e) and the Federal Rules of Evidence. For all of these reasons, this evidence should be stricken. *FDIC v. New Hampshire Ins.*, 953 F.2d 478, 484 (9th Cir. 1992) (defects in declarations or other evidence which are not admissible may be stricken).

II. **DEFENDANT'S SPECIFIC EVIDENTIARY OBJECTIONS**

A. **Evidentiary Standards on Class Certification**

The district court must receive sufficient evidence at the class certification stage to determine whether each requirement of Federal Rule of Civil Procedure 23 has been met. *Andrews Farms v. Calcot, Ltd.*, 258 F.R.D. 640, 651 (E.D. Cal. 2009). For the Court's convenience and to make this document as short as possible, Defendant explains and numbers its most common objections here, and then cites to the numbered objections when objecting to Plaintiffs' evidence.

///

///

### 1. Objection #1: Lack of Foundation, Lack of Personal Knowledge

Pursuant to Federal Rule of Evidence 602, declarations must set forth facts within the personal knowledge of the declarant. *Thornhill Publishing Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (affidavit must set forth specific facts within declarant's personal knowledge). Pursuant to Local Rule 7-7 and Federal Rule of Civil Procedure 56(e), an affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Accordingly, testimony must be excluded unless the witness had an opportunity to observe, and actually observed, the fact. *United States v. Lyon*, 567 F.2d 777, 783 (8th Cir. 1977), *cert. denied*, 435 U.S. 918 (1978); *see also Latman v. Burdette*, 366 f.3d 774 (9th Cir. 2004). Plaintiffs' exhibits to which Defendant specifically objects below (Section B, Specific Objections) must be stricken for lack of foundation and lack of personal knowledge because Plaintiff attempts to introduce the exhibits through Plaintiff's counsel, who lacks the required personal knowledge and fails to show that he is competent to testify about the exhibits.

Moreover, Defendant objects to the entire Declaration of Mr. Squitieri on the ground that it is defective in form and therefore not admissible as evidence. The facts set forth in a declaration may be accepted as evidence only if the declaration is "subscribed by [the declarant], as true under penalty of perjury." 28 U.S.C. § 1746. Mr. Squitieri's declaration contains no subscription at all – *i.e.*, there is nothing at the end of the declaration other than a date and signature. Even if Mr. Squitieri's statement at the beginning of his declaration -- "I, Olimpio Lee Squitieri, declare under penalty of perjury, pursuant to 18 U.S.C. §1746:" – were deemed a "subscription", it still does not comply with Section 1746 because it does not state that what follows is true. *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1305-1307 (5th Cir. 1988) ("Kline never declared her statement to be true and

correct; therefore, her affidavit must be disregarded as summary judgment proof"). Because Mr. Squitieri's declaration does not comply with section 1746, it is not competent evidence and must be disregarded in its entirety.

### 2. Objection #2: Lack of Proper Authentication

Pursuant to Local Rule 7-7, Federal Rule of Civil Procedure 56(e), and Federal Rule of Evidence 901, unauthenticated documents cannot be considered. Pursuant to Federal Rule of Evidence 901(a), the court is required to make a preliminary determination whether there is sufficient evidence to support finding that the document in question is what its proponent claims it to be. *Alexander Dawson, Inc., v. NLRB*, 586 F.2d 1300 (9th Cir. 1978). In order to be considered by the Court, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e),[1] and the affiant must be a person through whom the exhibits could be admitted into evidence. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987); *Beyene v. Coleman Security Servs, Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). An exhibit that has not been properly authenticated should be stricken. *Orr*, 285 F.3d at 773.

Plaintiffs seek to submit documents through the declaration of their counsel, Olimpio Squitieri. With the exception of the Complaint in this Action (Exhibit A) and the firm resume of Mr. Squitieri's law firm (Exhibit I),[2] none of the documents are properly authenticated. It is well-established that merely attaching a document to a declaration is not sufficient to authenticate it, even if the declaration states that the attached document is a "true and correct copy." *Beyene*, 854 F.2d at 1182 (attorney declaration stating that attached document was "true and correct copy" did not establish foundation to properly authenticate); *U.S. v. Dibble*, 429 F.2d 598, 602

---

[1] Rule 56(e) requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated."

[2] There is also no apparent foundation for the firm resume of Mr. Squitieri's co-counsel, the firm of Wexler Wallace, LLP (Exhibit J).

1  (9th Cir. 1970). Notwithstanding that counsel Squitieri asserts that the Exhibits are true and correct copies, he provides no facts in his declaration establishing that he is a person through whom Exhibits B through H could be admitted into evidence.

Four of the documents Plaintiffs seek to introduce purport to be Home Depot documents (Exhibits B, D, G and H to Mr. Squitieri's Declaration). Mr. Squitieri provides no foundation for how he has personal knowledge that these documents are what they purport to be (*e.g.*, that he wrote the documents). Nor can Plaintiffs argue that the documents are somehow authenticated by having been produced in discovery, because Plaintiffs freely admit they have not conducted discovery (Motion for Class Certification, P. 3, FN 3) and cannot have obtained in discovery a written declaration of the custodian of record or other qualified person attesting to these exhibits' authenticity. These Exhibits are not properly authenticated.

Three of the documents Plaintiffs seek to introduce purport to be excerpts from depositions in a New Jersey lawsuit (Exhibits C, E and F to Squitieri's Declaration). The Ninth Circuit has explained the requirements for authenticating testimony:

> A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent. *See* Fed.R.Evid. 901(b); Fed.R.Civ.P. 56(e) & 30(f)(1); *Beyene*, 854 F.2d at 1182; *Pavone v. Citicorp Credit Servs., Inc.*, 60 F.Supp.2d 1040, 1045(S.D.Cal.1997) (excluding a deposition for failure to submit a signed certification from the reporter). Ordinarily, this would have to be accomplished by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted. It is insufficient for a party to submit, without more, an affidavit from her counsel identifying the names of the deponent, the reporter, and the action and stating that the deposition is a "true and correct copy." *See Beyene*, 854 F.2d at 1182. Such an affidavit lacks foundation even if the affiant-counsel were present at the deposition. *See id.*; *Pavone*, 60 F.Supp.2d at 1045.

*Orr*, 285 F.3d at 774. The purported deposition excerpts Plaintiffs seek to introduce are defectively authenticated in several ways. First, Mr. Squitieri fails to include a reporter's certification for any of these Exhibits. Second, there is no foundation for Mr. Squitieri having any personal knowledge about these Exhibits.

Third, Mr. Squitieri's declaration does not even attempt to state such a foundation – for example, his declaration does not identify the action in which the depositions were allegedly taken, does not identify any connection he may have with that action, etc. (*See* Squitieri Declaration, ¶¶ 5, 7 and 8).

At various points throughout their motion, Plaintiffs reference the purported contents of Web sites as exhibits, without submitting prints of these files, indications of when these sites were last visited, or authentication evidence such as programming codes or server registration information. *Wady v. Provident Life & Acc. Ins. Co. of America*, 216 F.Supp.2d 1060, 1064-64 (C.D. Cal. 2002) (exhibits allegedly taken from defendant's Web site could not be authenticated, as there was not proof of personal knowledge of who maintains Web site, who authored documents, or accuracy of content); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236-237 (3rd Cir. 2007) (taking judicial notice of facts taken from company's Web site raises concerns of authentication and "imprecise puffery that no one should take at face value"). In addition, it is insufficient merely to reference documents without actually attaching them to a declaration. Even documents that are produced in discovery – unlike these purported web sites – must be provided to the Court in compliance with the Rules of Evidence. *See, e.g., Hoffman v. Applicators Sales and Service, Inc.*, 439 F.3d 9, 15 (1st Cir. 2006) ("Hoffman overlooks the crucial point that documents do not automatically become a part of the record simply because they are the products of discovery"). Plaintiffs' exhibits cited below in Section B, Specific Objections, must be stricken for lack of proper authentication.

### 3. Objection #3: Conclusions and Speculation

Pursuant to Local Rule 7-7, Federal Rule of Civil Procedure 56(e), and Federal Rule of Evidence 602, conclusions and speculation cannot support a motion for class certification. Vague, conclusory and speculative testimony is improper and should not be considered by the Court. *National Steel Corp. v. Golden Eagles Ins. Corp.*, 121 F.3d 496, 502 (9th Cir. 1997). Without having undertaken

discovery that would substantiate Plaintiffs' allegations, Plaintiffs cite their exhibits to support speculation and conclusions of law and fact regarding such things as the organizational and reporting structure in each Home Depot store (Motion for Class Certification, P. 3, FN 4), scheduling practices (Motion for Class Certification, P. 5), and training methodology (Motion for Class Certification, P. 6).

Plaintiffs' exhibits cited in Section B, Specific Objections, which are used in a conclusory and speculative manner, must be stricken.

### 4. Objection #4: Relevance

Pursuant to Federal Rule of Evidence 402, evidence which is not relevant is not admissible. Pursuant to Federal Rule of Evidence 401, relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than otherwise it would be. Specifically, Plaintiffs' attach excerpts of the deposition testimony of Araceli Mendoza, given in another matter, in which Mendoza discusses her training as an Assistant Store Manager at Home Depot. As discussed in Home Depot's Opposition to Plaintiffs Motion for Class Certification, Mendoza trained as an Assistant Store Manager outside of the class period. Thus, her testimony on this subject is irrelevant. Plaintiffs' exhibits cited in Section B, Specific Objections, for lack of relevance, must be stricken.

### 5. Objection #5: Best Evidence

Pursuant to Federal Rule of Evidence 1002, the Best Evidence Rule requires that to prove the content of a writing, the original writing is required. A document is the best evidence of its content, rather than characterizations or mischaracterizations of the content. In their Motion, Plaintiffs attempt to (mis)characterize the content of Home Depot's web site without providing any actual print-outs from the web site.

/ / /

/ / /

6. **Objection #6: Hearsay**

Pursuant to Federal Rule of Evidence 802, hearsay is not admissible except as provided by exceptions in the Federal Rules of Evidence and other rules of court prescribed by the Supreme Court.

It is clear that per Federal Rule of Evidence 804(a), Plaintiffs Areceli Mendoza and Kyle Diamond are available to provide declarations in the instant matter, yet Plaintiffs inexplicably offer the purported deposition transcripts of these two witnesses from another lawsuit (Exhibits E and F to the Squitieri Declaration), and do not offer declarations from these individuals. Mendoza and Diamond are not exempt by any ruling of court from testifying on grounds of privilege. Nor do they make any claim that they refuse to serve as witnesses, or suffer from any lack of memory (which would make them unsuitable class representatives). Nor have Mendoza or Diamond represented that they are unable to submit declarations because of illness or death. Because the witnesses are available, the deposition testimony is not admissible under any hearsay exception provided by Federal Rule of Evidence 804 (b)(1).

Moreover, on September 28, 2009, Home Depot noticed Mendoza's deposition in this case for several weeks later, on November 11. Only nine days before the deposition, on November 2, Plaintiffs' counsel informed Home Depot that Mendoza was not available on the noticed date. Home Depot offered several alternative dates for the deposition to no avail. Finally, on December 9, Plaintiffs notified Home Depot that Mendoza would be unavailable until after the holiday season. *See* Brown Decl., ¶ 6, Ex. E. Thus, Mendoza's purported deposition transcript from the New Jersey case is not only hearsay, but should also be stricken on the ground of basic due process; it is fundamentally unfair for Plaintiffs to attempt to submit Mendoza's prior testimony, but fail to make Mendoza available for examination in this case.

///

Federal Rule of Evidence 801(d)(1) provides that a prior statement by a witness, such as prior deposition testimony, is not hearsay only if (A) it is inconsistent with the declarant's present testimony, or (B) is consistent with the declarant's present testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive, or (C) concerns identification of a person made after perceiving the person. It is obvious that Plaintiffs do not submit their prior testimony in order to contradict inconsistencies in any present statements they make because they make no present statements (*i.e.*, declarations) in their Motion, and similarly they do not submit their prior testimony to be consistent with their present testimony because they provide no present testimony. Moreover, the prior deposition testimony of Areceli Mendoza and Kyle Diamond does not concern identification of a person made after perceiving the person. There being no applicable hearsay exception, the prior deposition testimony is inadmissible hearsay and must be stricken.

In general, it is impermissible, under Federal Rule of Evidence 801(d)(1)(b), for a proponent to offer direct evidence of his own prior consistent testimony. Furthermore, a review of Plaintiff's Motion makes it indisputably clear that that the deposition testimony in Exhibits E and F is offered solely to bolster the allegations of Plaintiffs' Motion, and thus would be wholly inadmissible on rebuttal. Federal authority in both civil and criminal cases consistently holds that the rule permitting the admission into evidence of prior out-of-court statements of a witness consistent with his or her present statements is interpreted narrowly, to permit the introduction of a prior consistent statement only if the witness's motive for making his or her present statements is questioned. *United States v. Beltran,* 165 F.3d 1266, 1269 (9th Cir. 1999); *Medina v. Multaler,* 547 F. Supp. 2d 1099, 1114 (C.D. Cal. 2007); *McCleary v. National Cold Storage, Inc.,* 67 F. Supp. 2d 1288, 1299 (D. Kan. 1999) (refusing admissibility of prior consistent statements on summary judgment). Such statements are not admissible if an opponent merely attacks the witness's

1  recollection. *United States v. McCulley,* 178 F.3d 872, 876 & n.4 (7th Cir. 1999)
2  (prior consistent statement not admissible to bolster trial testimony); *Medina v.*
3  *Multaler,* 547 F. Supp. 2d at 1114; *Billebault v. Dibattiste,* 1999 WL 191648 (E.D.
4  Pa. Mar. 29, 1999). The Supreme Court has noted that "[t]he Rule speaks of a party
5  rebutting an alleged motive, not bolstering the veracity of the story told." *United*
6  *States v. Asher,* 854 F.2d 1483, 1499 (3d Cir. 1988); *McCleary,* 67 F. Supp. 2d at
7  1299; *Billebault,* 1999 WL 191648; *see also Medina,* 547 F. Supp. 2d at 1114.

8      Plaintiff's Motion does not discuss the motives of Mendoza or Diamond to
9  act as witnesses, and nowhere in Home Depot's Opposition to Plaintiff's Motion or
10 these Objections does Home Depot question the motives underlying the allegations
11 in their Motion for Class Certification. Furthermore, were Home Depot to produce
12 evidence that the fact-finder could interpret as suggesting Mendoza's or Diamond's
13 allegations are recent fabrication, their prior deposition testimony would still not be
14 admissible under the applicable standard. *United States v. Williams,* 128 F.3d
15 1128, 1133 (11th Cir. 1997) (4-part test for admissibility of prior consistent
16 statement when present statement challenged as recent fabrication); *Brown v.*
17 *AMTRAK,* No. 98-4223, 2000 U.S. App. LEXIS 15485, 17-18 (7th Cir. Ill. June 23,
18 2000); *Edelstein v. Andrews,* No. 00-C-0319-C, 2001 U.S. Dist. LEXIS 25616
19 (W.D. Wis. Aug. 6, 2001).

20     Plaintiffs' exhibits E and F, cited in Section B, Specific Objections, for
21 hearsay, must be stricken.

22     7.   **Objection #7: Documents Produced Under Seal In Prior Action Should Be Stricken Because Their Use Here Is In Violation of Court Orders**

24     By Order of Court dated June 21, 2005, in the action captioned *Nick*
25 *Acquilino and Ahmed Elmagrabhy v. The Home Depot, Inc., Illeana L. Connally,*
26 *The Maintenance Warehouse Future Builder Administrative Committee, and John*
27 *Does 1-10,* Civ. Action No. 04-cv-4100, (D. N.J.), Daniel R. Lapinski, of the law
28 firm of Squitieri & Fearon, LLP, and co-Counsel, with Olimpio Lee Squitieri, for

1  plaintiffs in that action, consented to a Protective Order Regarding Confidentiality.
2  A true and correct copy of this protective order is attached to the Declaration of
3  Andrea L. Brown as Exhibit G, filed concurrently herewith. That order provided
4  that a party may designate discovery materials as confidential by marking it with
5  the word "confidential," and further provided that deposition testimony could be
6  designated confidential by so marking the deposition transcript. By Order of Court
7  dated December 18, 2006, in the action captioned *Edward Novak v. Home Depot*
8  *U.S.A., Inc.*, Civ. Action No. 06-cv-4841 (D. N.J.), Olimpio Lee Squitieri
9  personally consented to a Protective Order Regarding Confidentiality providing
10 identical provisions for designating discovery materials and deposition testimony as
11 confidential. A true and correct copy of this protective order is attached to the
12 Declaration of Andrea L. Brown as Exhibit F, filed concurrently herewith. Each
13 order states clearly, "Documents and/or information obtained by the parties in
14 discovery in this litigation shall be used by Counsel solely for the prosecution or
15 defense of the claims in this litigation and shall not be used by Counsel in any other
16 legal action." (*Novak* Order, p. p.8, ¶ 14; *see also Acquilino* Order, p.8, ¶ 14
17 ("Documents obtained by the parties....").

18      As a footnote to the heading announcing the "Statement of Facts" in
19 Plaintiffs' Motion for Class Certification, Plaintiffs state that they are relying on the
20 discovery conducted in the *Acquilino* and *Novak* actions (Motion, P. 3. FN 3).
21 Plaintiffs did not seek permission from Home Depot to use the confidential
22 documents obtained in other matters in this matter. Plaintiffs are thus in violation
23 of the Protective Orders entered in those lawsuits, and this Court should strike all
24 factual averments within Plaintiffs' Motion that Plaintiffs cannot substantiate
25 independently of Exhibits B, G, or H. Plaintiffs cite Exhibit B in support of
26 allegations in their Motion at p. 4 lines 6 – 12. Plaintiffs cite Exhibit G in support
27 of allegations at p. 5 line 17 – p. 6 line 3; and again at p. 6 lines 7 – 15. Plaintiffs
28 / / /

cite Exhibit H in support of allegations at p. 5 line 17 – p. 6 line 3; and again at p. 6 lines 7 – 10.

Plaintiffs' Exhibits B, G, and H are clearly marked "Confidential – Subject to Protective Order" on each page. It is incomprehensible that Counsel for Plaintiffs could misunderstand the clear requirements of the above-cited Protective Orders and Plaintiffs did not seek permission from Home Depot to use these documents in this matter. For these reasons, Home Depot moves to strike Plaintiffs' Exhibits B, G, and H, each allegation contained within Plaintiffs' Motion for Class Certification that cite Exhibits B, G, and H for evidentiary support, and each allegation within Plaintiffs' motion that Plaintiffs cannot substantiate independently of Exhibits B, G, or H.

B. **Specific Objections**

1. **The Declaration of Olimpio Lee Squitieri and Plaintiffs' Exhibits**

| EVIDENCE | OBJECTION |
|---|---|
| **Paragraph 4: Plaintiffs' Exhibit B**<br><br>"Annexed hereto as Exhibit B is a true and correct copy of excerpts from Home Depot's Standard Operating Procedures ("SOPs")." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay**<br>**Objection #7: Documents Produced Under Seal**<br><br>Plaintiffs offer speculation as to the application of the contents of the exhibit in Home Depot stores nationwide. |
| **Paragraph 5: Plaintiffs' Exhibit C**<br><br>"Annexed hereto as Exhibit C is a true and correct copy of excerpts from the Deposition of Richard Johnson, October 27, 2005." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay**<br><br>Plaintiffs' Motion mischaracterizes the contents of the exhibit as pertaining to "the ASM position." (Motion, 4:14). Johnson's deposition testimony discusses only the Merchandising ASM, not the Operations ASM, Specialty ASM, Sales ASM, or ASM |

| | | |
|---|---|---|
| | | positions that have also been employed by Home Depot. Plaintiffs also fail to establish the relevance of the testimony, which concerns activities in 2000 by an HR team that disbanded in 2002 when its initiative was complete. Johnson's testimony predates the majority of the class period in the instant case. |
| | **Paragraph 6: Plaintiffs' Exhibit D**<br><br>"Annexed hereto as Exhibit D is a true and correct copy of Home Depot's description of the Assistant Store Manager position." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #2: Lack of Proper Authentication**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay**<br><br>Plaintiffs fail to establish the material relevance of the exhibit to any issue of fact or law. Plaintiffs' Motion mischaracterizes the contents of the exhibit as pertaining to "the ASM position." (Motion, 5:1). The exhibit pertains only to the Sales Assistant Manager Position, a job description no longer used by Home Depot. |
| | **Paragraph 7: Plaintiffs' Exhibit E**<br><br>"Annexed hereto as Exhibit E is a true and correct copy of excerpts from the Deposition Transcript of Areceli Mendoza." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #2: Lack of Proper Authentication**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay**<br><br>Mendoza's training for the ASM position predates the class period and is thus irrelevant to this matter. |
| | **Paragraph 8: Plaintiffs' Exhibit F**<br><br>"Annexed hereto as Exhibit F is a true and correct copy of excerpts from the Deposition Transcript of Kyle Diamond." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #2: Lack of Proper Authentication**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay** |
| | **Paragraph 9: Plaintiffs' Exhibit G**<br><br>"Annexed hereto as Exhibit G is a true and correct copy of excerpts from Home Depot's Assistant Store Manager's Manual." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay** |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | | **Objection #7: Documents Produced Under Seal**<br><br>Plaintiffs also mischaracterize the contents of the exhibit, and offer speculation as to the application of the contents of the exhibit in Home Depot stores nationwide. |
| 5<br>6<br>7<br>8<br>9<br>10<br>11 | **Paragraph 10: Plaintiffs' Exhibit H**<br><br>"Annexed hereto as Exhibit H is a true and correct copy of Home Depot's cover letter it attached to training materials for assistant store managers." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #6: Hearsay**<br>**Objection #7: Documents Produced Under Seal**<br><br>Plaintiffs also mischaracterize the contents of the exhibit, and offer speculation as to the application of the contents of the exhibit in Home Depot stores nationwide. |
| 12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26 | **Motion for Class Certification: Plaintiffs' Unidentified Exhibit**<br><br>[Pp. 3-4: FN4]:<br>"Home Depot's website outlines the uniform job positions that exist in every store, including non-supervisory hourly positions (cashier, head cashier, lot associate, special services associate, receiving associate, freight associate, and book-keeping associate), supervisory hourly positions (sales department supervisor and operations department supervisors), salaried assistant managers and a Store Manager. *See* http://storecareers.homedepot.com." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #2: Lack of Proper Authentication**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #5: Best Evidence**<br>**Objection #6: Hearsay**<br><br>Plaintiffs' Motion refers to evidence that is not included in the declaration of Plaintiffs' Counsel. Because Counsel does not establish how Counsel obtained any personal knowledge as to the source of these unidentified documents, Counsel is not a person through whom the documents can be admitted into evidence. Plaintiffs fail to properly authenticate this evidence in any specific manner, nor in rational relation to any perception of the witnesses, and the information comprising the Exhibit is not a public document bearing an official seal or any other form of self-authenticating document. Plaintiffs mischaracterize the contents of the exhibit, thereby violating the best evidence rule, and fail to establish the material relevance of this evidence to any issue of fact or law. |
| 27<br>28 | **Motion for Class Certification: Plaintiffs' Unidentified Exhibit** | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #2: Lack of Proper** |

OHS East:160633955.3        13        DEFENDANT'S OBJECTIONS TO EVIDENCE

| | |
|---|---|
| [Pp. 3:20 – 4:5]<br>"Home Depot's website publishes nationwide job descriptions for these positions, including ASMs, and provides the opportunity for individuals to apply online through Home Depot's nationwide application system. *See* http://storecareers.homedepot.com/ (Home Depot's website at which posts job descriptions, job openings at Home Depot stress nationwide, and allows individuals to submit applications.)" | **Authentication**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #5: Best Evidence**<br>**Objection #6: Hearsay**<br><br>Plaintiffs' Motion attempts refers to evidence that is not included in the declaration of Plaintiffs' Counsel. Because Counsel does not establish how Counsel obtained any personal knowledge as to the source of these unidentified documents, Counsel is not a person through whom the documents can be admitted into evidence. Plaintiffs fail to properly authenticate this evidence in any specific manner, nor in rational relation to any perception of the witnesses, and the information comprising the Exhibit is not a public document bearing an official seal or any other form of self-authenticating document. Plaintiffs mischaracterize the contents of the exhibit, thereby violating the best evidence rule, and fail to establish the material relevance of this evidence to any issue of fact or law. |
| **Motion for Class Certification:**<br>**Plaintiffs' Unidentified Exhibit**<br><br>[P. 4:18-20]<br>"With respect to their work hours, according to Home Depot's nationwide job description published on its website, the ASM is a salaries position that requires a 'flexible, 55+ hours per week schedule.' *See* https://careers.homedepot.com/cg/." | **Objection #1: Lack of Foundation, Lack of Personal Knowledge**<br>**Objection #2: Lack of Proper Authentication**<br>**Objection #3: Conclusions and Speculation**<br>**Objection #4: Relevance**<br>**Objection #5: Best Evidence**<br>**Objection #6: Hearsay**<br><br>Plaintiffs' Motion attempts refers to evidence that is not included in the declaration of Plaintiffs' Counsel. Because Counsel does not establish how Counsel obtained any personal knowledge as to the source of these unidentified documents, Counsel is not a person through whom the documents can be admitted into evidence. Plaintiffs fail to properly authenticate this evidence in any specific manner, nor in rational relation to any perception of the witnesses, and the information comprising the Exhibit is not a public document bearing an official seal or any other form of self-authenticating document. Plaintiffs mischaracterize the contents of the exhibit, thereby violating the best evidence rule, and fail to establish the |

| | |
|---|---|
| | material relevance of this evidence to any issue of fact or law. |

For all of the reasons discussed herein, Defendants respectfully request that the Court strike the designated portions of Plaintiffs' Motion for Class Certification and Exhibits B through H in their entirety. These exhibits and cited portions of Plaintiffs' Motion for Class Certification should be stricken and not considered by the Court on motion for class certification (or as to any motion).

Dated:    December 28, 2009

LYNNE C. HERMLE
SARA E. DIONNE
ANDREA L. BROWN
Orrick, Herrington & Sutcliffe LLP


/s/ Lynne C. Hermle
_____
LYNNE C. HERMLE
Attorneys for Defendant
HOME DEPOT, U.S.A., INC.